**SMITH, Fiduciary, Appellant,**

**v.**

**MANCINO et al., Appellees.**

[Cite as *Smith v. Mancino* (1997), 119 Ohio App.3d 418.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17969.

Decided April 30, 1997.

*David C. Engle,* for appellant.

*Robert J. Drexler,* for appellee, Nationwide Insurance Company.

*Thomas A. Ciccolini* and *Joyce K. Laybourn,* for appellees, Kerry and John Mancino.

MILLIGAN, Judge.

The Summit County Common Pleas Court granted summary judgment to Nationwide Mutual Insurance Company upon issues of extent of liability under an insurance policy executed by Nationwide, the carrier for the tortfeasor in an action pending for death benefits, brought by the fiduciary of the estate of Sepia Midgyette, Ophelia Smith.[1]  Smith appeals assigning a single error:

"The trial court erred as a matter of law in finding that R.C. 3937.44 is constitutional and therefore erred in granting summary judgment in favor of Nationwide Insurance Company."

Sepia Midgyette died as the result of negligent operation of a truck driven by appellee Kerry Mancino, who was insured by Nationwide.  The insurance policy executed between Mancino and Nationwide contained liability limits of $100,000 per person and $300,000 per occurrence for bodily injuries caused by Mancino.

The policy further provided:

"Our obligation to pay * * * Bodily Injury Liability losses is limited to the amounts per person and per occurrence stated in the Declarations.  The following conditions apply to these limits:

"* * *

---

1. The trial court inserted Civ. R. 54(B) language expressing no just reason for delay.

"(2) Bodily Injury limits shown for any one person are for all legal damages, including all derivative claims, claimed by anyone arising out of and due to bodily injury to one person as a result of one occurrence."

The per-person limit is the total amount available when one person sustains bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims made by anyone arising out of bodily injury, including death, to one person as a result of one occurrence.

This case is another in the sequence of litigation challenging the extent to which claimants under automobile policies can, or cannot, recover money awards in excess of express contract limitations. Although an anthology of such litigation is unnecessary, it is appropriate to note that such litigation culminated in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. In that case, the court held that "[e]ach person who is presumed to have been damaged as a result of a wrongful death claim may, to the extent of his or her damages, collect from the tortfeasor's liability policy up to its per person limits subject to any per accident limit." *Id.* at paragraph one of the syllabus.

This holding of *Savoie* was based on the elevated status of wrongful death claims in Ohio. *Id.* at 504, 620 N.E.2d at 812–813. Specifically, R.C. 2125.02(A)(1) provides that a surviving spouse, parents, and children are all rebuttably presumed to have suffered damages by reason of a wrongful death, *i.e.*, each such person is rebuttably presumed to have suffered damages and has a separate unique cause of action against the tortfeasor. Compare *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089.

Prior to *Savoie, supra,* and without the benefit of legislation, the Ohio Supreme Court, upon operative facts remarkably similar to those in the case *sub judice,* held that such coverage is determined by the number of persons injured or killed in any one accident, not by the number of persons incurring damages as a result of the injuries or death to the persons actually in the accident. *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 545 N.E.2d 83.

*Savoie,* therefore, reflected a complete reversal of position by the Supreme Court on this issue. *Savoie,* which had broad sweeping effects on this issue as well as the entire area of uninsured/underinsured motorist coverage, was sharply criticized for violating the freedom to contract between insurer and insured, ignoring the legislative intent behind R.C. 3937.18, and abandoning the doctrine of *stare decisis.* Comment, Tracking Ohio Insurance Coverage: The Genesis and Demise of *Savoie* (1994), 20 U. Dayton L.Rev. 293, 322. Specifically on the issue that claims for wrongful death are not subject to the per-person liability limits, *Savoie* has been criticized as having no basis in law or fact, noting that the law on

this issue was the same as it had been at the time *Burris* was decided. *Id.* at 331–332.

*Savoie* also led to great debate in the Ohio legislature. *Id.* In an obvious effort to ameliorate the holding in *Savoie,* the legislature, on July 21, 1994, enacted Am. Sub. S.B. No. 20 ("Senate Bill 20"), which served to supersede each of the four paragraphs of the *Savoie* syllabus. Included in this legislation was R.C. 3937.44, a new provision that explicitly allows automobile insurance policies to treat all claims for bodily injury to a person as single claim. R.C. 3937.44 provides:

"Any liability policy of insurance including, but not limited to, automobile liability or motor vehicle liability insurance that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that *all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim.* Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident." (Emphasis added.)

The substantive impact of R.C. 3937.44 is to add a new dimension of support for the holding in *Burris, supra.*

Appellant tenders a two-step, sequential analysis of why the trial court was in error, and why the $100,000 per-person limitation of the policy should not apply: (1) R.C. 3937.44 is unconstitutional, and (2) even if generically constitutional, R.C. 3937.44, as related to death cases, is rendered unconstitutional because of the express terms of a special provision of the Ohio Constitution, Section 19a, Article I.

### (1) Generic Constitutionality of R.C. 3937.44

While this case was pending on appeal, the Supreme Court decided *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 676 N.E.2d 506. Appellant was therefore granted leave at oral argument to file a supplemental brief on this issue. Although the issue in *Beagle* was one involving underinsured motorist coverage, the court clearly determined that Senate Bill 20, which also included R.C. 3937.44, was constitutionally enacted, *i.e.,* the method of enactment did not violate the one-subject rule of Section 15(D), Article II of the Ohio Constitution. *Id.* at 62, 676 N.E.2d at 507–508.

We are therefore constrained to hold that R.C. 3937.44 is not constitutionally flawed as a consequence of the method of its passage in the General Assembly.

### (2) R.C. 3937.44 versus Section 19a, Article I, Ohio Constitution

The question remains as to whether this specific section runs afoul of Section 19a, Article I of the Ohio Constitution. That section provides that "[t]he amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law." This constitutional provision has been held to prohibit only the enactment of laws that place a specific limitation on the amount of damages recoverable by the survivors. *Kennedy v. Byers* (1923), 107 Ohio St. 90, 96, 140 N.E. 630, 632–633; *Pena v. Northeast Ohio Emergency Affiliates, Inc.* (1995), 108 Ohio App.3d 96, 108, 670 N.E.2d 268, 276.

The plaintiff relies heavily on the Supreme Court's decision in *Wood v. Shepard, supra*, 38 Ohio St.3d 86, 526 N.E.2d 1089. In *Wood*, the issue before the court was whether, in an uninsured motorist context, the survivors of an insured decedent had one collective claim against the insurance company, subject to the policy limits for a single claim, or whether each had a separate claim. *Wood* held that each survivor had a separate claim, and that these combined claims could not be subjected to the single claim liability limit of the policy's uninsured coverage. *Id.* at syllabus.

What the plaintiff overlooks in her reliance on *Wood*, however, is the fact that it was decided on the basis of statutory authority, not the Ohio Constitution. The court considered its holding to be a reflection of the intent of the operative legislation at that time. The holding of *Wood* was followed in *Savoie*, and the holding of *Burris* specifically overruled, on the basis of "the legislative status of wrongful death claims in Ohio." *Savoie*, 67 Ohio St.3d at 504, 620 N.E.2d at 813. Because these cases were not based on the Ohio Constitution, but were based on legislative authority prior to the enactment of R.C. 3937.44, *Wood* and *Savoie* offer no support for the plaintiff's constitutional claim.

In fact, the *Wood* opinion, rather than shedding light on this issue, merely tends to create confusion. *Wood* makes no distinction between a wrongful death cause of action for damages and the tortfeasor's contractual right to defense and indemnity with his insurance company. See, also, *Savoie*, 67 Ohio St.3d at 504, 620 N.E.2d at 812–813. As Chief Justice Moyer stressed in his dissenting opinion in *Savoie*, however, there is a distinction between civil damages and the right to recover a claim under an insurance policy. That distinction is critical to this constitutional issue:

"Section 19a, Article I of the Ohio Constitution * * * states only that wrongful death damages shall not be limited '*by* law.' (Emphasis added.) This means that there may be no artificially imposed cap, by statute or judicial decision, on total damages recoverable for wrongful death. See *Kennedy v. Byers* (1923), 107 Ohio St. 90, 96, 140 N.E. 630, 632–633. It does not mean, nor does any pronouncement

by this court or the General Assembly mean, that no insurance policy—a contract between the insured and the insurer for which the insured has paid a premium for certain levels of coverage—may limit a provider's liability if that policy clearly and unambiguously so provides. Indeed, if a provider's liability cannot be limited by contract, might one argue that the $300,000 per accident limits of the Grange and Motorists policies are unenforceable 'limitations' of wrongful death damages? Even the majority does not contend that to be the case. To do so would eviscerate the insurance law of Ohio created by the General Assembly." *Savoie*, 67 Ohio St.3d at 516, 620 N.E.2d at 821 (Moyer, C.J., dissenting).

Civil *damages* recoverable for wrongful death are not limited by R.C. 3937.44; rather, the code speaks only to the contractual agreement between the tortfeasor and his underwriting insurance company. Thus, in the case *sub judice,* while Nationwide's underwriting liability is limited to the per-person coverage, $100,-000, the plaintiff has the potential to recover a judgment for substantially more than that sum from the culpable defendant, Kerry W. Mancino. Therefore, R.C. 3937.44 and the constitutional injunction are compatible and not in conflict.

The assignment of error is overruled, and the summary judgment of the Summit County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BAIRD and REECE, JJ., concur.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, sitting by assignment.