**WESTERFIELD, Appellant,**

v.

**METROPOLITAN INSURANCE COMPANY, Appellee, et al.**

[Cite as *Westerfield v. Metro Ins. Co.* (1998), 129 Ohio App.3d 814.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73356.

Decided Sept. 17, 1998.

*Eshelman Legal Group* and *Gary W. Kisling,* for appellant.

*Keller & Curtin Co., L.P.A.* and *G. Michael Curtin,* for appellee Metropolitan Insurance Company.

NAHRA, Presiding Judge.

Appellant, Harmon Westerfield, appeals the trial court's granting of summary judgment to appellee, Metropolitan Life Insurance Company ("Metropolitan Life"), resulting in the denial of his claim under the underinsured motorist coverage of his insurance policy.

On August 3, 1996, appellant's wife, Carol Westerfield, was a passenger in a motor vehicle which was struck by a party not involved in the present action. The tortfeasor was insured by Progressive Insurance Company, but due to multiple victims and injuries, Carol was only able to recover $2,500. As a result, Carol and Harmon's insurance carrier, Metropolitan Life, offered Carol $47,500, representing the remainder of the $50,000 "each person" policy limit applicable under their underinsured motorist coverage. To date, this offer has not been accepted.

Metropolitan Life then received notice of a claim filed by Harmon Westerfield that maintained he was entitled to monies also from the underinsured motorist provision of their policy due to the fact that he was paying nearly $20,000 in medical bills for the treatment of his wife, and for loss of consortium and services. Metropolitan Life summarily denied each claim.

Consequently, appellant filed a complaint against Metropolitan Life for the aforementioned claims. Appellant filed a motion for summary judgment, which was answered and opposed by appellee. The trial court ruled as follows:

"Defendant Metropolitan Ins. Co.'s motion for leave to file instanter is granted. Plaintiff's motion for summary judgment is denied. Plaintiff Harmon Westerfield is not entitled to recover under the separate 'each person' policy limit of his claim for medical expenses for plaintiff Carol Westerfield's injuries by claiming his wife's medical bills as his own. Plaintiff is however entitled to recover under the separate 'each person' provision of the insurance policy for his claim for loss of consortium. Court finds there is no just reason for delay."

Appellant timely filed an appeal and assigned one error for our review. Appellant's sole assignment of error states:

"Trial court erred in ruling that Mr. Westerfield was not entitled to recover for medical expenses resulting from his wife's injuries under a separate 'each person' policy limit in his underinsured motorist policy."

Appellant maintains that the trial court erred in denying him the right to file and recover damages for his wife's medical expenses under the separate "each person" policy limit in the underinsured motorist provision of his insurance policy. As mentioned above, his wife, Carol, had already filed with Metropolitan Life and was offered the full amount available to her under the policy, in the applicable

underinsured motorist provision. It is appellant's claim however, that because he too is liable for his wife's medical bills, he should be allowed to invoke his separate "each person" claim, up to its applicable limit, $50,000, subject to the per-accident limit of $100,000.

Appellee, on the other hand, claims that the terms of the policy, and the applicable statutes bar any recovery on his part. It maintains that R.C. 3937.18 dictates that the insurance company's liability involving bodily injury to an insured is limited to the single "each person" claim under the terms of their policy, $50,000, and not the per-accident limitation of $100,000. It also argues that the limits placed upon liability under the terms of the policy bar any further recovery.

R.C. 3937.18 states:

"(H) Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section or selected in accordance with division (C) of this section and provides a limit of coverage for payment of damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insured, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."

The appellant's Metropolitan Life insurance policy specifically provides:

"LIMITS OF LIABILITY

"The limit shown in the Declarations for 'each person' is the maximum we will pay to any one person for all damages resulting from any one accident. The limit shown in the Declarations for 'each accident' is the maximum we will pay to two or more persons. If a single limit of liability is shown in the Declarations for this coverage, it is the maximum we will pay for any one accident. This is the most we will pay regardless of the number of:

"1. Covered persons; or

"2. Claims made; or

"3. Vehicles or premiums shown in the Declarations; or

"4. Vehicles involved in the accident.

"OHIO DECLARATIONS

"* * *

"(2) This insurance applies separately with respect to each insured, but the application of the insurance to more than one insured shall not operate to increase the limits of our liability.

"(3) Under LIMITS OF LIABILITY, the amount payable will not exceed the limits of coverage stated in the declarations, regardless of the amount of damages."

The Metropolitan policy also includes the following concerning the payment of medical expenses:

"Medical expenses paid or payable under the Automobile Medical Expense Coverage will not be paid for again as damages under this coverage. This does not reduce the limits of this coverage."

The appellant, in support of his position, relies upon a number of cases which state that the husband, as provider, is entitled to recover damages for the medical expenses he would incur as a result of a tortious act. This reliance is misplaced. The cases to which the appellant refers are antiquated in their reasoning, and have been subsequently superseded by the applicable statutes. The appellant further maintains that although R.C. 3937.18 can preclude his recovery, the Metropolitan Life policy does not comply with its terms, and, as a result, recovery is not barred.

The law concerning the extent to which claimants under automobile policies may, or may not, recover damages in excess of the express contract limits has been extensive, and has culminated in two divergent opinions. On the one hand, the court in *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 545 N.E.2d 83, held that coverage is determined by the number of persons injured or killed in an accident, not by the number of people directly or consequentially affected by that injury. In other words, if an accident occurred where only one person was injured, the unambiguous policy limitation concerning the "per person" limit is the applicable amount, regardless of the number of claims made. *Id.* at 90, 545 N.E.2d at 89–90.

On the other hand, the court in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, overruled the holding in *Burris* when it stated that "[e]ach person who is presumed to have been damaged as a result of the wrongful death claim may, to the extent of his or her damages, collect from the tortfeasor's liability up to its per person limits subject to any per accident limit." *Id.* at paragraph one of the syllabus.

As a result of this conflict, the legislature, on July 21, 1994, enacted Am.Sub. S.B. No. 20, which served to supersede the holding in *Savoie*. Included in this legislation were R.C. 3937.18 and 3937.44, which supported the holding in *Burris,*

and allowed automobile insurance policies to limit coverage for bodily injury to one person to a single claim, regardless of claims made. *Smith v. Mancino* (1997), 119 Ohio App.3d 418, 695 N.E.2d 354.

As a result, along with R.C. 3937.18, R.C. 3937.44 should also be considered in order to fully analyze the issue before us. R.C. 3937.44 provides:

"All claims for bodily injury to one person may be treated as a single claim.

"Any liability policy of insurance including, but not limited to, automobile liability or motor vehicle liability insurance that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declaration or policy, or vehicles involved in the accident."

Further, in *Rowan v. Beacon Ins. Co.* (Dec. 21, 1990), Lake App. No. 90–L–14–005, unreported, 1990 WL 212637, the court addressed the very situation presented here. As in the case *sub judice*, the husband in *Rowan* attempted to recover medical damages on behalf of his wife over and above the per-person policy limit. The policy provided for uninsured motorist coverage, with limits of $50,000 per person and $100,000 per occurrence. Relying on *Burris* in its analysis, the court determined that where the terms of the insurance policy are not ambiguous, "the number of persons sustaining bodily injury as a result of the accident controls the amount of coverage provided by the policy." *Id.* at 5. In determining that Charles Rowan could not maintain a separate cause of action that reached above and beyond his wife's $50,000 per-person policy limit, the court went on to explain that the claim under which the husband sought recovery "was derived from the claim of his wife," and, as a result, disregarding the issue of stacking, "the number of persons sustaining consequential damages is irrelevant for the purpose of determining the amount of coverage available." *Id.*

As a result, since the terms of appellee's policy were unambiguous and conformed with both R.C. 3937.44 and 3937.18, it is clear that Harmon Westerfield is not allowed to recover damages for his wife's medical expenses. The policy specifically limits its liability by providing that the "declarations for 'each person' is the maximum we will pay any one person for all damages resulting from any one accident." Under the terms of the policy, "damages" is defined as "the cost of paying those who suffer bodily injury or property damage." Consequently, since the applicable limit concerning all claims for damages, either

consequential or direct, is controlled by the number of injured persons in the accident, and, here, only Mrs. Westerfield was injured, the policy's $50,000 "each person" limit is controlling.

Accordingly appellant's sole assignment of error is overruled.

*Judgment affirmed.*

O'DONNELL and TIMOTHY E. MCMONAGLE, JJ., concur.