[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error is overruled.
Statutes pertaining to a policy of insurance and its coverage which are enacted after the policy's issuance, are incorporated into any renewal of such policy if the renewal represents a new contract of insurance separate from the initial policy.
Benson v. Rosler (1985), 19 Ohio St.3d 41, 44, 482 N.E.2d 599,602. When a contract for automobile liability insurance is entered into or renewed, the statutory law in effect at the time of contracting or renewal defines the scope of uninsured-motorist coverage. See Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281,695 N.E.2d 732.
Like the policies in Benson, the policies in the instant case stated, on the declarations page, that the policy period was six months. Further, the declarations page for each policy stated that the policy "replaced" the previous policy. The policies stated that they could be renewed for a sufficient number of policy periods to provide coverage for the guarantee period, and that such renewal would be based upon "the rates in effect, the coverages carried, the applicable limits of liability, deductibles, and other elements that affect the premium that apply at the time of renewal." Further, the policies provided that the agreements to renew were void if the policyholder failed to pay the premiums when due. The policies also provided that renewal at the end of the guarantee period was subject to State Farm's option not to renew.
Based upon our review of the provisions of the policies and the applicable case law, we hold that the policies were not continuations of prior policies, but were new contracts of insurance. Therefore, the provisions of R.C. 3937.18, as amended by Am.Sub.S.B. No. 20, were applicable to the insurance policies. See Benson v. Rosler, supra; Francis v.McClandish (Apr. 19, 1999), Athens App. No. 98CA21, unreported;Holcomb v. State Farm Ins. Cos. (Dec. 24, 1998), Franklin App. No. 98AP-353, unreported; Wolfe v. Wolfe (Nov. 6, 1998), Montgomery App. No. 17111, unreported.
The second assignment of error is overruled. Pursuant to the terms of the insurance policies and R.C. 3937.18(G), the Meeces were not entitled to stack uninsured-motorist coverages.
R.C. 3937.18(H) explicitly authorizes insurers to limit multiple derivative claims, including claims for loss of consortium, that arise out of the injuries of a single insured, to a single per-person limit. See Estate of Fox v. Continental Ins.
(May 7, 1999), Darke App. No. 1476, unreported; Smock v. Hall
(Jan. 22, 1999), Geauga App. No. 97-G-2090, unreported; see, also,Smith v. Mancino (1997), 119 Ohio App.3d 418, 695 N.E.2d 354;Francis v. McClandish, supra; Jones v. Speelman
(Aug. 31, 1998), Stark App. No. 1998CA00093, unreported.
The language of the policies in the instant case was sufficient to limit all claims arising out of a single bodily injury to a single "each person" policy limit. The policies provided, pursuant to R.C. 3937.18(H), that all claims arising out of a single injury were to be considered one claim for insurance purposes. Therefore, the trial court correctly concluded that a single per-person limit of uninsured-motorist coverage applied to all claims arising from the single bodily injury to Eric Meece.
The third assignment of error is overruled. The issue of whether Am.Sub.S.B. No. 20 is unconstitutional was not raised in the trial court, and we will not consider it on appeal. SeeStar Bank, N.A. v. Werden (Dec. 31, 1996), Hamilton App. No. C-950538, unreported; Abatement Co-operatives, Inc. v. GlobalEnvironmental, Inc. (May 17, 1995), Hamilton App. No. C-940245, unreported; The Midwestern Indemnity Co. v. Video Features, Inc.
(Nov. 2, 1994), Hamilton App. No. C-930401, unreported.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judg-ment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.