DECISION AND JOURNAL ENTRY
The Medina County Court of Common Pleas granted summary judgment in favor of State Automobile Mutual Insurance Company ("State Auto") on a declaratory judgment action brought against it by Michael Maletz. Maletz, personally and in his capacity as administrator of the estate of his infant daughter Katlyn Maletz, has appealed from that judgment.
Maletz purchased a State Auto policy on December 12, 1996. The policy provided uninsured/underinsured automobile insurance to Maletz with limits of $50,000 per claim and $100,000 per accident. The insurance contract provided for the consolidation of all claims arising from a single bodily injury or death and subjecting the consolidated claim to the single claim limit, as permitted by R.C. 3937.18(H).
On December 12, 1997, Maletz' wife Lisa was driving the family car, with Katlyn as a passenger. Mrs. Maletz lost control of the vehicle. Katlyn was severely injured and died the next day. Maletz sought compensation from State Auto, both on behalf of his daughter's estate and directly as her next of kin. Maletz sought personal compensation for Katlyn's death, on the basis that he is presumed injured by the death of his daughter, pursuant to R.C. 2125.02(A)(1). State Auto, consistent with its policy, limited its payment to $50,000 because both claims were based on a single death.[1]
Maletz filed a declaratory judgment action, requesting that the court declare the "per person" limits of R.C. 3937.18(H) unconstitutional and find that State Auto must pay $100,000 pursuant to the policy.[2]
State Auto moved for summary judgment. Based, in part, on our decision in Smith v. Mancino (1997), 119 Ohio App.3d 418, the court found the statute constitutional, and granted summary judgment.[3] Maletz filed the instant appeal, asserting that the trial court erred by finding R.C.3937.18(H) constitutional.
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To accomplish this, the movant must be able to point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id. at 293. If such evidence is produced, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id.
An appellate court reviews an award of summary judgment de novo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
As an initial matter, we note that for an uninsured motorist claim, "the statutory law in effect at the time of entering into a contract of automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, syllabus. The Supreme Court of Ohio, examining the mandate of R.C. 3937.31(A) that automobile insurance policies must be issued for a guaranteed period of two years, has determined that from the date of initial issuance, an ongoing insurance policy is deemed newly issued at two-year intervals on the anniversary date. Wolfe v. Wolfe
(2000), 88 Ohio St.3d 246, paragraphs one, two and three of the syllabus. The law to be applied when an accident occurs depends on the law in effect at the beginning of the most recent two-year interval. In the instant case it is undisputed that the policy was initially issued on December 12, 1996, after the effective date of S.B. 20 of October 20, 1994, and a year prior to the instant accident. Thus, the policy of insurance at issue is governed by the version of R.C. 3937.18(H) in effect pursuant to S.B. 20. That statute, which limits all claims related to a single bodily injury or death to the single "per person" limit on underinsured motorist coverage, reads as follows:
 Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125 of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
R.C. 3937.18(H).
On summary judgment, State Auto pointed to the provisions of the contract, the provisions of R.C. 3937.18(H), the date of the initial contract of insurance, the date of the accident, and the amount paid out to Maletz under the policy. State Auto met its initial Dresher burden, to show that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. In response, Maletz challenged only the constitutionality of the existing law.
To determine whether the trial court appropriately granted summary judgment to State Auto, we review the sole contested issue, whether S.B. 20 violates the Ohio Constitution. "Statutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision." Beagle v. Walden (1997), 78 Ohio St.3d 59,61, quoting Fabrey v. McDonald Police Dept. (1994), 70 Ohio St.3d 351,352. In order to prevail in his response to summary judgment, Maletz had the burden of showing beyond a reasonable doubt that S.B. 20 is unconstitutional.
Maletz claims that S.B. 20: (1) unconstitutionally limits wrongful death damages; (2) denies him due process; (3) violates his equal protection rights; (4) violates the separation of powers act; and (5) creates special privileges and immunities. The Ohio Supreme Court has already determined that S.B. 20 does not violate the separation of powers act. Beagle, 78 Ohio St.3d at 62. Likewise, the Court determined that S.B. 20 does not violate the Equal Protection Clause, id. at 63, or the Privileges and Immunity Clause, id. at 64. This court has held that the parallel provision of R.C. 3937.44, governing a "per person" limit for liability coverage, does not violate the Ohio Constitution's prohibition on limiting damages in wrongful death, because the statute only limits the amount of coverage under the insurance contract. Smith,119 Ohio App.3d at 422-423. Finally, Maletz claims that S.B. 20 denies him due process of law by denying him a meaningful remedy. Maletz asserts that "A meaningful remedy must include a meaningful amount of damages." However, as this court noted in Smith while reviewing the issue of liability limits, the insured is allowed to contractually limit the amount of coverage he is willing to pay for. Id. Maletz was free to contract for a larger amount of underinsured motorist coverage and chose not to.
Based on our holding in Smith and the decision of the Ohio Supreme Court in Beagle, we find that the "per person" limits found in R.C.3937.18(H) are constitutional. Accordingly, State Auto was entitled to judgment as a matter of law.
Maletz' assignments of error, challenging the constitutionality of R.C. 3937.18(H), are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________________ WILLIAM R. BAIRD
FOR THE COURT, SLABY, J., CARR, J. CONCUR.
[1] According to the affidavit of the State Auto claims manager, filed with State Auto's motion for summary judgment, the company paid $5,000 in medical expenses and $50,000 in accord with the provisions of the policy's uninsured motorist coverage.
[2] The record indicates that the Ohio Attorney General was served with a copy of the complaint, in accordance with R.C. 2721.12.
[3] The Smith decision reviewed a parallel provision for liability coverage, found in R.C. 3937.44, which permits the joinder of all derivative claims from a single bodily injury or death, to be subject to the per person coverage limit. R.C. 3937.44 became effective on October 20, 1994, and was intended to overrule the Ohio Supreme Court's contrary holding in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500.
Since Smith, the Supreme Court of Ohio has interpreted recent statutory changes in automobile insurance law in Ohio. Its two key decisions areWolfe v. Wolfe (2000), 88 Ohio St.3d 246, and Moore v. State Auto. Mut.Ins. Co. (2000), 88 Ohio St.3d 27. In Wolfe, the Court interpreted R.C.3937.31(A), mandating a two-year policy period for automobile insurance, as applicable not only to the initial two-year period following issuance of a policy, but also to successive policy renewals. Under Wolfe, the law to be applied in a case involving an automobile insurance policy will be the law in effect when the policy was issued or on the previous two-year policy anniversary date prior to the accident in question. TheMoore opinion interpreted R.C. 3937.18(A)(1) as not limiting underinsured motorist coverage only to an insured who has suffered bodily injury.
Subsequent to issuing its opinions in Moore and Wolfe, the Supreme Court vacated judgments and remanded to the trial courts numerous cases pending before it, on the authority of Moore and Wolfe. One in particular is quite similar to the instant case. In Gild v. State Farm Mut. Auto.Ins. Co., (2000), 88 Ohio St.3d 510, the appellant challenged "the constitutionality of Am.Sub.S.B. No. 20 * * *, in particular R.C.3937.18(A)(2) * * * and R.C. 3937.18(H)." Id. at 511 (Stratton, J., dissenting). No other issues were raised in the direct appeal, Gild v.Saley (Nov. 19, 1999), Portage App. No. 98-P-0056, unreported. However, unlike the instant case, the appellate decision in Gild did not clearly determine the date of the initial contract of insurance. Pursuant toWolfe, such a factual determination is crucial in order to determine whether or not the statutory changes of S.B. 20 applied to the accident at issue. Because in the instant case there is no factual question as to the date of the initial contract of insurance or the law to be applied, this court has determined that there is no need to vacate the judgment in the instant case and to remand the cause to the trial court.