NITCHMAN, Admr., Appellant,

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.**

[Cite as *Nitchman v. Nationwide Mut. Fire Ins. Co.* (2001), 146 Ohio App.3d 315.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 99CA007506.

Decided Jan. 17, 2001.

*William W. Owens* and *Timothy L. Cardwell,* for appellant.

*Timothy D. Johnson* and *Randy L. Taylor,* for appellee.

---

CARR, Judge.

Appellant, Tracy Nitchman, executor of her husband Todd Nitchman's estate, has appealed from the Lorain County Common Pleas Court's entry of summary judgment in favor of appellee, Nationwide Mutual Fire Insurance Company ("Nationwide"). This court affirms.

## I

This case stems from a motor vehicle accident that claimed the life of Todd Nitchman, appellant's husband. The accident occurred on March 27, 1998, near Amherst, Ohio, and was the result of the negligence of Robert Reed ("tortfeasor"). At the time, the tortfeasor carried a Nationwide automobile liability insurance policy with limits of $100,000 per person, $300,000 per occurrence. Thereafter, Nationwide paid appellant the $100,000 in settlement of the per-person limit.

On January 28, 1999, appellant filed a complaint in the Lorain County Common Pleas Court, seeking declaratory relief as to the $300,000 per occurrence limit. Specifically, she claimed that she was entitled to the remaining $200,000 and that S.B. No. 20 was unconstitutional to the extent that it permitted Nationwide to limit recovery to the per-person limit in the policy.

The parties submitted cross-motions for summary judgment. On November 1, 1999, the trial court denied appellant's motion and, in turn, entered summary judgment in favor of Nationwide. Appellant timely appealed, asserting one assignment of error.

## II

"The trial court erred in granting [Nationwide's] motion for summary judgment when [Nationwide] was not entitled to judgment as a matter of law."

For her sole assignment of error, appellant has challenged the trial court's entry of summary judgment against her, claiming that the Ohio Constitution prohibits the restriction of the claims of beneficiaries in a wrongful death action to a single, per-person limit. In essence, she has argued that the amended versions of R.C. 3937.18(H) and 3937.44, pursuant to S.B. No. 20, provide for the consolidation of wrongful death claims into a single per-person limit and, therefore, create a limitation on the amount of damages in violation of Section 19A, Article I, of the Ohio Constitution.

In response, Nationwide has asserted that this court has already considered and rejected appellant's constitutional claim. Specifically, Nationwide has invoked *Smith v. Mancino* (1997), 119 Ohio App.3d 418, 695 N.E.2d 354, arguing that civil damages recoverable for wrongful death are not limited by R.C. 3937.44. As a result, Nationwide has suggested that R.C. 3937.18(H) and 3937.44 do not violate Section 19A, Article I of the Ohio Constitution and, thus, are constitutional as a matter of law.

## A. Summary Judgment Standard

In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. When the facts are undisputed, as in the instant case, this court must determine *de novo* whether the trial court's judgment was appropriate as a matter of law.

## B. Constitutionality of R.C. 3937.18(H) and 3937.44

To determine whether the trial court appropriately granted summary judgment to Nationwide, this court reviews the sole contested issue, whether S.B. No. 20, and specifically, amended R.C. 3937.18(H) and 3937.44, violate the Ohio Constitution. " 'Statutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision.' " *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 61, 676 N.E.2d 506, quoting *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 352, 639 N.E.2d 31. In order to prevail in her motion for summary judgment, appellant had the burden of showing beyond a reasonable doubt that S.B. No. 20, and more specifically R.C. 3937.18(H) and 3937.44, are unconstitutional.

As Nationwide aptly noted, this court has previously held that R.C. 3937.18(H) and 3937.44, governing a "per person" limit for liability coverage, do not violate the Ohio Constitution's prohibition on limiting damages in wrongful death, because the statutes limit only the amount of coverage under the insurance

contract. *Smith*, 119 Ohio App.3d at 422–423, 695 N.E.2d 354, and *Maletz v. State Auto. Mut. Ins. Co.* (Nov. 8, 2000), Medina App. No. 2991–M, unreported, at 6, 2000 WL 1675045. Indeed, appellant and the deceased's beneficiaries are free to pursue relief from the tortfeasor.[1] *Smith*, 119 Ohio App.3d at 423, 695 N.E.2d 354. Appellant has not cited nor has this court discovered any authority to the contrary. As such, appellant's constitutional challenge is without merit.

### III

Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BATCHELDER, P.J., and WHITMORE, J., concur.

---

1. The *Smith* decision reviewed a parallel provision for liability coverage, found in R.C. 3937.44, which permits the joinder of all derivative claims from a single bodily injury or death, to be subject to the per-person coverage limit. R.C. 3937.44 became effective on October 20, 1994, and was intended to overrule the Ohio Supreme Court's contrary holding in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. Since *Smith*, the Supreme Court of Ohio has interpreted recent statutory changes in automobile insurance law in Ohio. Its two key decisions are *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97. In *Wolfe*, the court interpreted R.C. 3937.31(A), mandating a two-year policy period for automobile insurance, as applicable not only to the initial two-year period following issuance of a policy, but also to successive policy renewals. Under *Wolfe*, the law to be applied in a case involving an automobile insurance policy will be the law in effect when the policy was issued or on the previous two-year policy anniversary date prior to the accident in question. The *Moore* opinion interpreted R.C. 3937.18(A)(1) as not limiting underinsured motorist coverage only to an insured who has suffered bodily injury.

Subsequent to issuing its opinions in *Moore* and *Wolfe*, the Supreme Court vacated judgments and remanded to the trial courts numerous cases pending before it, on the authority of *Moore* and *Wolfe*. However, upon review of the record, this court concludes that *Wolfe* is inapplicable because no question as to the date of the initial contract of insurance has been raised. Furthermore, *Moore* has no application because R.C. 3937.18(A)(1) is not at issue. As a result, there is no need to vacate the judgment in the instant case and to remand the cause to the trial court.