DECISION
In May 1998, DaShawn Jennings died as the result of a collision between the motorcycle he was driving and a car driven by appellee, Ronald Smith. At the time of the accident, Smith was insured by United Services Automotive Association ("USAA"). The policy provided for bodily injury liability limits of $100,000 per person and $300,000 per accident. In 1999, appellant, Emma Colter, as Administratrix of Jennings' estate, filed a wrongful death and survivorship action in the Franklin County Court of Common Pleas. Because of related issues pending in a case before the Ohio Supreme Court, USAA paid appellant the $100,000 per person liability limits and appellant retained the right to re-file suit against USAA and Smith to determine whether Smith's policy provided additional payments under the bodily injury liability coverage and, if so, the value of the claims.
Appellant re-filed a declaratory judgment action in May 2000, for the benefit of Jennings' estate and his surviving next-of-kin, seeking a declaration that they are entitled to additional per person liability coverage under the bodily injury liability coverage in the USAA policy. Both parties filed motions for summary judgment and the trial court sustained the motion filed by appellees.
Appellant filed a timely notice of appeal and sets forth the following assignment of error:
 THE TRIAL COURT ERRED IN BOTH GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT-APPELLEE USAA INSURANCE COMPANY AND IN DENYING PLAINTIFF-APPELLANT EMMA COLTER'S CROSS-MOTION FOR SUMMARY JUDGMENT.
Summary judgment is proper if there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can only reach a conclusion adverse to the party opposing the motion. See Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64; and Ohio Bus Sales, Inc. v. Toledo Bd. of Edn. (1992), 82 Ohio App.3d 1. In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court stated that the moving party, on the ground the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has the reciprocal burden to set forth specific facts showing there is a genuine issue for trial.
Appellate review of summary judgment is de novo and, as such, we stand in the shoes of the trial court and conduct an independent review of the record. Koos v. Central Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579.
R.C. 3937.44 provides:
 Any liability policy of insurance including, but not limited to, automobile liability or motor vehicle liability insurance that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
In Smith v. Mancino (1997), 119 Ohio App.3d 418, discretionary appeal not allowed (1997), 79 Ohio St.3d 1505, the Fifth District Court of Appeals found R.C. 3937.44 to be constitutional. This court came to the same conclusion in Michael v. Reliance Natl. Ins. Co. (June 8, 2000), Franklin App. No. 99AP-1002, unreported, appeal dismissed as improvidently allowed (2001), 91 Ohio St.3d 1262.
In State Farm Auto. Ins. Co. v. Rose (1991), 61 Ohio St.3d 528,531-532, the Ohio Supreme Court stated:
 Generally, in construing contracts of insurance, words in a policy must be given their plain and ordinary meaning, and only in situations where the contract is ambiguous and thus susceptible to more than one meaning must the policy language be liberally construed in favor of the claimant who seeks the benefits of coverage. * * * Stated another way, this court will not employ a liberal construction of a contract of insurance in the absence of any ambiguity in its language. * * *
The USAA policy provision at issue provides:
 A. For BI [bodily injury] sustained by any one person in any one accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown in the Declarations for "each person", for UM Coverage. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for UM Coverage is our maximum limit of liability for all damages for BI [bodily injury] resulting from any one accident. These limits are the most we will pay regardless of the number of covered persons, claims made, vehicles or premiums shown in the Declarations, premiums paid, or vehicles involved in the accident. [Emphasis sic.]
The only issue is whether this provision clearly and unambiguously limits insurance coverage for bodily injury to the per person limit regardless of the number of claimants. Appellant argues that the clause in the USAA policy is similar to the one found to be ambiguous by this court in Nicolini-Brownfield v. Eigensee (Sept. 16, 1999), Franklin App. No. 98AP-1243, unreported. The policy in Nicolini-Brownfield provided:
 1. The bodily injury limit shown for any one person is for all legal damages, including all derivative claims, claimed by anyone arising out of and due to bodily injury to one person as a result of one occurrence.
 The per-person limit is the total amount available when one person sustains bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims made by anyone arising out of bodily injury, including death, to one person as a result of one occurrence. [Emphasis sic.]
This court found the clause to be ambiguous as it could be read as providing the $100,000 per person liability coverage for bodily injury applied to anyone, that is, to each person who brought a claim.
Appellee argues the USAA policy is similar to the policy in Burris v. Grange Mut. Cos. (1989), 46 Ohio St.3d 84, which provided in part:
 "Limits of Liability: The limit of bodily injury liability stated in the declarations as applicable to `each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence * * *."
Burris found the policy language was not ambiguous and that the number of persons who sustained bodily injury determined the amount of coverage.
We agree with the trial court that the USAA policy is not ambiguous. The policy limits liability to $100,000 for all damages to any persons, as opposed to anyone in Nicolini-Brownfield, regardless of the number of claims made.
Therefore, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.