PLOTT, Appellant,

v.

COLONIAL INSURANCE COMPANY, Appellee.

[Cite as *Plott v. Colonial Ins. Co.* (1998), 126 Ohio App.3d 416.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 1997CA00203.

Decided Feb. 23, 1998.

*Friedman, Domiano & Smith Co., L.P.A.,* and *Jeffrey H. Friedman,* for appellant.

*Kirk E. Roman,* for appellee.

JOHN W. WISE, Judge.

Appellant Kay Plott appeals the decision of the Stark County Court of Common Pleas denying her relief under a declaratory action she filed on December 13, 1996 and amended on December 31, 1996.

The parties to this appeal filed an agreed statement of facts on April 14, 1997. The agreed statement included the following facts: On September 1, 1995, Michael Smitely, appellant's brother, was a passenger in a pickup truck owned and operated by Thomas Fife. Fife negligently operated his vehicle so as to cause Smitely to be ejected from the vehicle. Smitely died as a result of the injuries sustained in the accident. At the time of the accident, Fife was uninsured.

Appellant maintained a policy of automobile insurance with appellee Colonial Insurance Company ("Colonial"). The policy included uninsured automobile coverage in the amount of $12,500 per person and $25,000 per accident. Appellant pursued an uninsured motorist claim on behalf of her deceased brother, through Colonial, and received per person limits of $12,500, plus $1,000 death benefits. These monies were tendered to Smitely's estate.

Pursuant to her declaratory action, appellant is pursuing a claim for losses resulting from the death of Smitely under *Sexton v. State Farm Mut. Auto. Ins. Co.* (1993), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555. Appellant contends in this action that she is entitled to the remaining per person policy limits of $12,500 in consideration of her losses and damages.

The policy at issue contains the following language:

"PART II

"UNINSURED MOTORIST COVERAGE

"We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle.

" * * *

"LIMITS OF LIABILITY

"The limits of liability shown in the Declarations apply, subject to the following:

"1) We will not pay for the liability of any insured person for claims or judgments for punitive damages or any claim or judgment by the insured person against any uninsured motorist for punitive damages.

"2) The limit for each person is the maximum for all damages including damages for care, loss of services, and loss of consortium arising out of bodily injury suffered by any person in any one accident.

"3) Subject to the limits for each person, the limit for each accident is the maximum for bodily injury suffered by two or more persons in any one accident.

"We will pay no more than these maximums regardless of the number of cars described in the Declarations, insured persons, claims, claimants, policies, or motor vehicles involved in the accident.

"Any amount payable will be reduced by:

"(1) A payment made by the owner or operator of the uninsured motor vehicle or organization which may be legally liable;

"(2) A payment under the liability coverage of this policy[.]"  (Emphasis deleted.)

The policy further proceeds to define "insured person" as "you or a relative, any other person occupying your insured car, any person for damages that person is entitled to recover because of bodily injury to you, a relative, or another occupant of your insured car."  Based upon the above, appellant is an "insured" under the policy at issue and Smitely, who resided with appellant, is also an "insured."

Pursuant to the language in Colonial's policy of insurance, statutory law, and cases, the trial court found that appellant was not entitled to the $12,500 requested in her declaratory action and entered judgment in favor of Colonial. Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:

"The trial court erred in granting declaratory judgment in favor of appellee. Colonial Insurance Company."

■ Appellant sets forth two arguments in support of her sole assignment of error. First, appellant contends that she is entitled to recover pursuant to *Sexton.* Appellant also maintains that to deny her recovery under Colonial's policy of insurance violates Section 19a, Article I of the Ohio Constitution. We disagree.

In *Sexton,* Gareld Sexton's seventeen-year-old daughter, Laurie, died as a result of an automobile accident in Mississippi. *Id.,* 69 Ohio St.2d at 431, 23 O.O.3d at 385, 433 N.E.2d at 556–557. At the time of the accident, Laurie was a passenger in a car in which the driver had no liability insurance and was at fault. *Id.* Laurie did not live with her father, but he provided Laurie's financial support. *Id.* Pursuant to this duty, Sexton paid approximately $2,300 in medical and funeral expenses related to his daughter's injuries and death. *Id.*

At the time of his daughter's death, Sexton had an automobile liability insurance policy with State Farm Mutual Automobile Insurance Company ("State Farm"). *Id.* Sexton submitted a claim to State Farm under the uninsured motorist coverage of his policy. *Id.* State Farm denied coverage because Sexton was not personally injured and his daughter did not reside with him. *Id.,* 69 Ohio St.2d at 433, 23 O.O.3d at 386, 433 N.E.2d at 557–558.

On appeal to the Ohio Supreme Court, the court reviewed R.C. 3937.18(A) and held that the critical language for this case was that coverage is "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom." *Id.,* 69 Ohio St.2d at 434, 23 O.O.3d at 387, 433 N.E.2d at 558.

The Ohio Supreme Court concluded that Sexton was entitled to recover pursuant to his policy with State Farm because he was an insured under the policy and legally entitled to recover damages because of bodily injury, since he could recover pecuniary damages against the negligent motorist; the damages he suffered resulted from injury and death; and the negligent driver was uninsured. *Id.,* 69 Ohio St.2d at 434–435, 23 O.O.3d at 387–388, 433 N.E.2d at 558–559. Based on this analysis, the court held: "An insured father is entitled to recover those damages, which he was legally obligated to pay, under his uninsured motorist coverage for the wrongful death of a minor child, even if the child was not an insured according to the terms of the policy." *Id.* at paragraph two of the syllabus.

■ We find the *Sexton* case inapplicable to the facts of the case *sub judice.* First, in *Sexton,* there was no language contained in State Farm's policy that was

similar to the "limits of liability" language contained in Colonial's policy. The language contained in Colonial's policy clearly provides that the $12,500 limit for "each person" is the maximum for all damages including "damages for care, loss of services, loss of consortium, arising out of bodily injury suffered by any person in any one accident." That "per person" limit has been paid already. The policy also clearly provides that "we will pay no more than these maximums regardless of the number of * * * insured persons, claims, policies, or motor vehicles involved in the accident."

Second, statutory amendments since the decision in *Sexton* permit such a result. R.C. 3937.18(H), effective October 20, 1994, provides as follows:

"Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that *all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.*" (Emphasis added.)

We also find the "limits of liability" language consistent with R.C. 3937.44, which provides, in pertinent part:

"Any liability policy of insurance including, but not limited to, automobile liability * * * that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by one person in any one accident, *may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.*" (Emphasis added.)

Based upon the above two statutes, we find the "limits of liability" language, contained in Colonial's contract, permissible and legally enforceable.

Finally, in enacting R.C. 3937.18(H), the General Assembly specifically stated that it sought to supersede the effect of the holding of the Ohio Supreme Court in

its October 1, 1993 decision in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, that declared unenforceable a policy limit that provided that all claims for damages resulting from bodily injury, including death, sustained by any one person in any one automobile accident would be consolidated under the limit of the policy applicable to bodily injury, including death, sustained by one person, and to declare such policy provisions enforceable. Am.Sub.S.B. No. 20, Section H. Based upon the above, we find that appellant is not entitled to recover uninsured benefits from Colonial pursuant to *Sexton.*

■ Appellant next argues that R.C. 3937.18(H) and 3937.44 violate Section 19a, Article I of the Ohio Constitution. This provision of the Constitution provides:

"The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another shall not be limited by law."

Although the Ohio Supreme Court did not pass upon this issue in *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 676 N.E.2d 506, at least one court of appeals has addressed this specific challenge. *Smith v. Mancino* (1997), 119 Ohio App.3d 418, 695 N.E.2d 354. In determining that R.C. 3937.44 does not violate Section 19a, Article I of the Ohio Constitution, the court first noted that the constitutional provision at issue has been held to prohibit only the enactment of laws that place a specific limitation on the amount of damages recoverable by the survivors. *Id.* at 422, 695 N.E.2d at 356, citing *Kennedy v. Byers* (1923), 107 Ohio St. 90, 96, 140 N.E. 630, 632–633; *Pena v. Northeast Ohio Emergency Affiliates, Inc.* (1995), 108 Ohio App.3d 96, 108, 670 N.E.2d 268, 276.

In finding no constitutional violation, the court referred to Chief Justice Moyer's dissent in *Savoie,* wherein he stated:

"Section 19a, Article I of the Ohio Constitution * * * states only that wrongful death damages shall not be limited 'by law.' This means that there may be no artificially imposed cap, by statute or judicial decision, on total damages recoverable for wrongful death. * * * It does not mean, nor does the General Assembly mean, that no insurance policy—a contract between the insured and the insurer for which the insured has paid a premium for certain levels of coverage—may limit a provider's liability if that policy clearly and unambiguously so provides. Indeed, if a provider's liability cannot be limited by contract, might one argue that the $300,000 per accident limits of the Grange and Motorists policies are unenforceable 'limitations' of wrongful death damages? Even the majority does not contend that to be the case. To do so would eviscerate the insurance law of Ohio created by the General Assembly." *Savoie,* 67 Ohio St.3d at 516, 620 N.E.2d at 821.

Based upon Chief Justice Moyer's reasoning in his dissent in *Savoie,* the court in *Smith* held that civil damages recoverable for wrongful death are not limited by R.C. 3937.44; rather, the code speaks only to the contractual agreement between the tortfeasor and his or her underwriting insurance company. *Smith* at 423, 695 N.E.2d at 357. We find that neither R.C. 3937.18(H), which contains "limits of liability" language, nor R.C. 3937.44 violates Section 19a, Article I of the Ohio Constitution.

Appellant's assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

*Judgment affirmed.*

FARMER, P.J., and WILLIAM B. HOFFMAN, J., concur.