OPINION
Plaintiff-appellants appeal from a decision of the Miami County Common Pleas Court denying their claims for underinsured motorist benefits. They contend that the trial court erred in finding that they are not entitled to underinsured motorist coverage benefits under their respective insurance policies. They also contend that the trial court erred in its finding regarding the amount of the proceeds from the tortfeasor's settlement payment to be considered when determining the amount of set-off applicable to each of their claims. Finally, they contend that the trial court erroneously found R.C. 3937.44 and 3937.18(H) to be constitutional.
We conclude that the trial court did err in its finding that four of the seven plaintiffs were not entitled to coverage under their respective policies. We also conclude that the trial court erred in determining the set-off to be applied in this case. Finally, we conclude that the trial court did not err in its finding regarding the constitutionality of R.C. 3937.44 and3937.18(H). Accordingly, the judgment of the trial court isAffirmed in part and Reversed in part, and this cause is Remanded
for further proceedings in accordance with this opinion.
 I
On November 9, 1997, a car, driven by Brandon Pryzborowski, was involved in a single-car accident in Miami County, Ohio. The passenger, Scott A. Berry, was killed in the accident.
Scott was survived by his parents, Linda Berry and Earl Berry, Sr., and by five siblings; Darrell Berry, Earl Berry, Jr., Cynthia McCray, Debra Grieshop, and Melissa Lacy. At the time of the accident, Scott resided with his parents and his brother, Darrell Berry. None of the other siblings resided with Scott.
Linda Berry was appointed Administrator of Scott's estate. On March 23, 1998, she instituted a wrongful death action naming herself, Earl Berry, Sr., and all of the siblings (except Grieshop) as plaintiffs against Pryzborowski. Pryzborowski was insured by State Automobile Insurance Company ("State Auto") at the time of the accident. The State Auto liability insurance policy had limits of $50,000 per person, $100,000 per accident. Przyborowski, through State Auto, paid Scott's estate the policy limits of $50,000 in full and complete settlement of all claims against him. From the proceeds, each plaintiff received $3,288.82. Funeral expenses of $8,311.60 and attorney fees and costs of $18,666.66 were also paid from the settlement proceeds.
The suit also sought a declaratory judgment against The Farmers Insurance Group ("Farmers"), Nationwide Mutual Insurance ("Nationwide") and Metropolitan Property and Casualty Insurance Company ("Metropolitan"). The complaint alleged that each of the parents and siblings were entitled to benefits under their respective underinsured motorist policies by reason of Scott's death.
At the time of the accident, Farmers Insurance had in effect two policies of automobile insurance naming Linda Berry as insured. Each policy had underinsured limits of $25,000 per person and $50,000 per accident. In the complaint, Linda, Earl Berry, Sr. and Darrell claim that they are entitled to underinsured benefits under the policies.
Similarly, Nationwide had in effect an automobile insurance policy issued to Donald McCray with underinsured limits of $100,000 per person and $300,000 per accident. Cynthia McCray claims that she is entitled to underinsured benefits under the terms of the policy.
Nationwide also had in effect two automobile insurance policies issued to Pamela Amhurst with underinsured policy limits of $100,000 per person and $300,000 per accident. Earl Berry, Jr. claims entitlement to the underinsured benefits under both policies.
Finally, Metropolitan had in effect a policy of automobile insurance issued to Melissa Lacy. The underinsured benefits limits are $100,000 per person and $300,000 per accident.
The trial court, by entry dated April 29, 1999, determined that the parents and siblings were not entitled to underinsured motorist coverage under the subject policies of insurance. A judgment entry reflecting this decision was filed on May 6, 1999. From this judgment, plaintiffs appeal.
 II
The First Assignment of Error states as follows:
 THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO DEFENDANT-APPELLEES IN CIRCUMSTANCES WHERE PLAINTIFF-APPELLANTS ARE ENTITLED TO UNDERINSURED MOTORIST COVERAGE PROVIDED BY THE POLICIES OF INSURANCE ISSUED BY DEFENDANT-APPELLEES.
The appellants contend that the trial court erred in its decision denying their claims for underinsured coverage benefits. Since there are three different insurance companies involved in this action, we shall separately address the claims against each for ease of discussion.
 A. Farmers Insurance Group
Linda Berry had two policies of insurance issued by Farmers.[1] Linda, Earl Berry, Sr. and Darrell Berry, who resided in the same household with Scott Berry, made claims for underinsured benefits under these policies. The trial court found that Linda Berry, Earl Berry, Sr. and Darrell Berry were not entitled to coverage under Linda's underinsured policies. The ruling was based upon the finding that the settlement from Przyborowski's liability policy was greater than the coverage limit in Linda's policies and that Linda, Earl, Sr. and Darrell did not suffer any bodily injury.
We first address the issue of bodily injury. The Berrys contend that the trial court incorrectly concluded that the Farmers policy required them to suffer bodily injury prior to receiving underinsured motorist benefits. In support, they argue that neither the terms of the Farmers policies nor R.C. 3937.18
require that they actually suffer bodily injury in order to receive such benefits. Farmers has not addressed this matter, other than to claim that the trial court's decision was not based upon this issue.
R.C. 3937.18(A)(2) provides in pertinent part as follows:
 No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the foregoing coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds:
* * *
 Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy.
* * *
From our research, it is apparent that the majority of appellate districts that have dealt with this issue have held that R.C. 3937.18, as amended by S.B. 20, does permit an insurer to limit underinsured motorist coverage to bodily injury or death sustained by an insured. See, Kocel v. Farmers Insurance ofColumbus, Inc. (Mar. 7, 1996), Cuyahoga App. No. 69058, unreported; Spoerndle v. Nationwide Mutual Insurance Company (June 16, 1999), Summit App. No. 19289, unreported; Newkirk v. StateFarm Mutual Ins. Co. (June 1, 1999), Preble App. No. CA-98-05-005, unreported; King v. Western Reserve Mut. Cas. Co. (Mar. 15, 1999), Monroe App. Nos. 805, 806 and 807, unreported.
In Kocel, supra, Mark Kocel was killed in an automobile accident. Mark's only brother, Stanley Kocel, had a policy of insurance issued to him by Farmers. Id. Stanley sought to recover underinsured motorist benefits from Farmers. Id. The court of appeals held that since Mark was not an insured under the Farmers policy, an insured had not sustained a bodily injury; thus, Stanley was precluded from recovering under his policy.Id. The court held that this limitation does not violate R.C. 3937.18, because the legislature intended for the statute to require underinsurance coverage for persons insured under the policy for loss due to bodily injury suffered by that person. Id.
However, the Tenth District Court of Appeals has held that the statute does not require that the insured suffer the bodily injury. See, Holcomb v. State Farm Ins. Companies (Dec. 24, 1998), Franklin App. No. 98AP-353, unreported. This case is currently pending before the Ohio Supreme Court after having been certified as being in conflict with Kocel, supra. In Holcomb, Vicki Holcomb was killed in an automobile accident. Her ex-husband and his wife had separate policies of insurance with State Farm under which they made underinsured coverage claims based upon Vicki's death. Id. In permitting these claims to be made, the court of appeals held that pursuant to the statute, bodily injury does not have to be sustained by an insured; rather, the insured must only suffer damages or loss. Id.
We conclude that the view of the majority of the districts in this case is more persuasive, because the plain language of the statute is in terms of coverage for insureds. In fact, this court has noted that "* * * S.B.20 amended [R.C. 3937.18] and allowed insurers to restrict coverage to bodily injury sustained by insureds." Wodrich v. Farmers Ins. of Columbus, Inc. (May 21, 1999), Greene App. No. 98 CA 103, unreported. However, we find that the facts in this case differ from those in Kocel, in that Scott was an insured under his mother's policies. The holding inKocel leaves open the question of whether someone in Linda's position would be entitled to coverage.
We conclude that Linda, Earl, Sr. and Darrell are entitled to benefits. As noted, R.C. 3937.18(A)(2) states that underinsured motorist coverage must "* * * provide protection for insuredsthereunder against loss for bodily injury, sickness, or disease,including death, suffered by any person insured under the policy* * *". (Emphasis added.) The statute does not limit recovery only to those insureds who actually suffer the bodily injury, sickness, disease or death, but clearly states that insureds are protected for loss by reason of injury to any insured. Therefore, we find that, while a plain reading of the statute does require that an insured suffer bodily injury, it does not require that the
insured person claiming rights to underinsured proceeds suffer the actual injury.
Accordingly, we conclude that the trial court erred in finding that Linda, Earl, Sr. and Darrell were precluded from recovering under the Farmers policies.
We next turn to the trial court's finding that compensation is precluded because the settlement was greater than the per occurrence limit in Linda's policies. As previously stated, Linda's policies contained a $25,000 per person, $50,000 per occurrence underinsured limit. Therefore, the trial court was correct in its finding; i.e., although each policy, when considered separately, was less than the amount of Przyborowski's policy, when aggregated, the policies were at least equivalent to Przyborowski's policy.
 However, this court has held that R.C. 3937.18 does not preclude recovery merely because the insured's limits are identical to the tortfeasor's limits when, due to multiple claimants, the insured is unable to recover the tortfeasor's limits. Estate of Fox v. Auto-Owners Ins. (June 12, 1998), Darke App. No. 1456, unreported. Instead, the "amount available for payment" must be considered. Id. Likewise, in this case, because there were multiple claimants, Linda, Earl, Sr. and Darrell each received only $3,288.82; far less than the tortfeasor's limits. Therefore, we conclude that the trial court erred in finding that Linda, Earl, Sr. and Darrell are precluded from recovering underinsured benefits because the limits of their policies and those of the tortfeasor are equivalent.
 B. Nationwide Mutual Insurance
Plaintiff-appellants Cynthia McCray and Earl Berry, Jr. claim entitlement to underinsured motorist benefits pursuant to two separate policies issued by Nationwide. The pertinent language of both policies is as follows:
 We will pay compensatory damages, including derivative claims, which are suffered by loss to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative.
 "RELATIVE" means one who regularly lives in your household and who is related to you by blood, marriage or adoption (including a ward or foster child). A relative may live temporarily outside your household.
"BODILY INJURY" means:
(a) bodily injury;
(b) sickness;
(c) disease; or
(d) death;
of any person
McCray and Earl Berry, Jr. contend that the policy language is ambiguous because it initially "requires bodily injury to be suffered by an insured, but then defines `bodily injury' to include the `death of any person.'" They further claim that the policy can be read as meaning that "compensatory damages will be paid if an insured suffers as a result of a death of any person," and that this suffering includes mental anguish. Finally, they cite King v. Nationwide Ins. Co. (1988), for the proposition that any policy ambiguity will be construed against the insurer.
We do not find the policy to be ambiguous. We find that the definition of bodily injury as including "bodily injury, sickness, disease or death, of any person" is limited by the clear statement that to be compensable, the bodily injury must be suffered by an insured or a relative. In this case, Scott, who suffered the fatal injury, did not qualify as an insured or a relative under the terms of the policy. The question then is whether either McCray or Earl Berry, Jr. suffered bodily injury. It is undisputed that neither McCray or Earl Berry, Jr., suffered bodily injury. Furthermore, their claims for mental anguish suffered as a result of their brother's death are barred. This court has held that bodily injury does not include emotional distress or mental anguish. Snell v. Katafias (Mar. 19, 1999), Montgomery App. No. 17440, unreported. Therefore, we must conclude that under the terms of the Nationwide policies, neither McCray or Earl Berry, Jr. can maintain a claim for underinsured motorist benefits.
 C. Metropolitan Property Casualty Insurance Company
Melissa Lacy claims entitlement to underinsured motorist benefits pursuant to a policy of insurance issued by Metropolitan. The language relevant to this policy is as follows:
 We will pay bodily injury damages, caused by an accident arising out of the ownership, maintenance, or the use of an uninsured highway vehicle, which you or a relative are legally entitled to collect from the owner or driver of an uninsured highway vehicle.
 "Bodily injury" means any bodily injury, sickness, or disease sustained by any person. This term includes the death of any person if it is a result of a covered bodily injury, sickness or disease.
 "Relative" means a person related to you by blood, marriage or adoption, and who also resides in your household.
Again, by the clear terms of the policy, Scott was not considered a relative of the Lacys. Also, it was stipulated that Scott was not an insured under the policy.
However, we conclude that this policy does not require that an insured shall have suffered bodily injury in order to recover underinsured motorist benefits. Instead, it merely requires that the insured, Melissa Lacy, be legally entitled to collect damages because of bodily injury to "any person" caused by an underinsured vehicle. In this case, pursuant to R.C. 2125.02 [Ohio's wrongful death statute] she is legally entitled to collect damages from Przyborowski. Therefore, Lacy arguably falls within the ambit of the policy language and is entitled to underinsured motorist benefits.
Accordingly, the First Assignment of Error is sustained in part and overruled in part.
 III
The Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN HOLDING THAT THE SET OFF PROVISIONS OF R.C. § 3937.18(A)(2) PERMIT ALL BENEFICIARIES' CLAIMS TO BE CONSIDERED A SINGLE CLAIM, NOTWITHSTANDING THE NUMBER OF POLICIES, CLAIMS OR BENEFICIARIES AND THAT THE SET OFF AGAINST EACH OF THE SUBJECT INSURANCE POLICIES IS $50,000.
The appellants argue that the trial court erred in determining that the set-off provisions of R.C. 3937.18(A)(2) permit all beneficiaries' claims to be considered a single claim and that the set-off against each of the subject insurance policies is $50,000 [the amount of the tortfeasor's settlement payment]. Instead, they argue that they should each be charged with a set-off of $3,288.82 [the amount each beneficiary received from the tortfeasor's settlement payment].
R.C. 3937.18(A)(2) provides as follows:
 The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
The pertinent language in this statutory provision indicates that in determining the amount of set-off, the amount availablefor payment must be considered. As noted above, we conclude that the amount available for payment is the amount received by each beneficiary when multiple claimants are involved. Accordingly, we find that the underinsured motorist carriers must focus on what each claimant received from the tortfeasor's carrier in relation to their claims when determining how much is to be set-off.
In this case, each claimant directly received the sum of $3,288.82. However, they also indirectly received benefits in the form of the funeral costs and attorney fees and costs paid by the tortfeasor's carrier. In this case, the tortfeasor's carrier paid funeral costs of $8,311.60, attorney fees of $16,666.66 and costs in the sum of $2,000. When these costs are divided among the seven beneficiaries, the total amount of money available for payment to each beneficiary is $7,082.85. Therefore, in regard to each beneficiary, the total amount to be set-off against the underinsured motorist coverage is $7,082.85.
However, in the case of Linda, Earl, Sr. and Darrell, we reach a slightly different result. R.C. 3937.18(H) permits an insurer to consider as one all claims made a result of the death of one person. The language of this statute appears to speak in terms of multiple claimants making claims under the same policy of underinsurance coverage. Therefore, since Linda, Earl, Sr. and Darrell reside together and are claiming proceeds from the same policy, the amount of set-off is the entire amount paid to them collectively, rather than as individuals. Therefore, they are limited under the terms of the Farmers policies to recovering the sum of $25,000 [the per person limit as set forth in R.C.3937.18(H)] minus the sum of $21,248.55 [the amount paid to them collectively]. Linda, Earl, Sr. and Darrell are entitled to equally split the sum of $3,751.45, which amounts to $1,250.48 each.
We conclude that the trial court did err by utilizing the entire amount paid by the tortfeasor's liability carrier in determining the amount to be set-off. Accordingly, the Second Assignment of Error is sustained.
 IV
The Third Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN HOLDING THAT CURRENT R.C. § 3937.18(H) AND 3937.44 ARE NOT UNCONSTITUTIONAL AS VIOLATIVE OF ARTICLE I, SECTION 19(a) OF THE CONSTITUTION OF THE STATE OF OHIO.
Appellants contend that the trial court erred by finding that R.C. 3937.18(H) and 3937.44 are constitutional.[2] In support, they argue that this provision limits damages for wrongful death, in violation of Article I, Section 19(a) of the Ohio Constitution.
Article I, Section 19(a) of the Ohio Constitution provides that "the amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law."
R.C. 3937.18(H) provides as follows:
 Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section * * * * and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125 of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
These statutes have repeatedly been upheld as constitutional. For example, the Tenth District Court of appeals has stated that R.C. 3937.44 "does not violate Section 19a, Article I, Ohio Constitution, because the statute does not limit the amount of damages a plaintiff may recover in a civil action for wrongful death, but instead permits insurance companies to contractually limit recovery of uninsured motorist benefits." Carrier v. StateFarm Mutual Automobile Ins. Co. (Sept. 16, 1999), Franklin App. No. 98AP-1291, unreported. The Franklin County Court of Appeals then went on to apply the same reasoning to a challenge to R.C.3937.18(H), and found that it was not violative of the Ohio Constitution. Accord, Plott v. Colonial Ins. Co. (1998),126 Ohio App.3d 416; Beagle v. Mosley (July 23, 1999), Huron App. No. H-98-044, unreported. Furthermore, this court has previously specifically held that R.C. 3937.44 does not violate Article I, Section 19a, of the Ohio Constitution. Coletta v. Yang (Jan. 15, 1999), Montgomery App. No. 17289, unreported. This is premised upon our finding that a contract of insurance limiting the amount of coverage available does not constitute a law limiting damages recoverable. Id. We also impliedly upheld the constitutionality of R.C. 3937.18(H) on the same grounds in that case when we found that the per person limits were valid and enforceable despite a challenge to that statute. Id.
Since we have previously upheld the validity of these statutes, and because we are persuaded by the holdings noted above, we find this claim to be without merit. Accordingly, the Third Assignment of Error is overruled.
 V
The First Assignment of Error having been sustained in part and overruled in part, the Second Assignment of Error having been sustained, and the Third Assignment of Error having been overruled, the judgment of the trial court is Affirmed in part andReversed in part, and this cause is Remanded for further proceedings in accordance with this opinion.
WOLFF and YOUNG, JJ., concur.
Copies mailed to:
James N. Overholser
Michael R. Henry
Bradley L. Snyder
Nicholas E. Subashi
Hon. Robert Lindeman
[1] Apart from their argument that the statute is unconstitutional, discussed in Part IV, below, the parties do not dispute that all of the policies issued in this case are governed by R.C. 3937.18, as amended by S.B. 20.
[2] We note that although appellants contend that the trial court also erred by failing to find R.C. 3937.44
unconstitutional, they fail to make any argument to support this claim.