OPINION
Plaintiffs-appellants James R. Steinbach and Pamela M. Steinbach (hereinafter collectively, "the Steinbachs", and individually, "James Steinbach" and "Pamela Steinbach") appeal the April 1, 1999 Memorandum of Decision and May 4, 1999 Judgment Entry entered by the Licking County Court of Common Pleas, granting summary judgment in favor of defendant-appellee State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") and denying the Steinbachs' request for declaratory judgment.
 STATEMENT OF THE FACTS AND CASE
On March 27, 1997, Pamela Steinbach was seriously injured after being struck by a motor vehicle operated by Travis Leach. At the time of the accident, Pamela Steinbach was a pedestrian traversing across North Liberty Street in Powell, Ohio, via the crosswalk. Western Reserve Mutual Casualty Company, Leach's liability carrier, paid the "per person" limits of his policy, which totaled $100,000, to the Steinbachs. State Farm, the Steinbachs' liability carrier, had knowledge of this settlement and consented thereto. Pamela and James Steinbach were individually insured under two policies with State Farm. Each policy provided uninsured/underinsured motorist coverage with limits of $100,000 per each person and $300,000 per each accident. After Western Reserve tendered Leach's liability limits, the Steinbachs made timely demands on State Farm for uninsured/underinsured motorist coverage under these two policies. State Farm denied the claims. Consequently, on July 7, 1998, the Steinbachs filed a complaint in the Licking County Court of Common Pleas, seeking declaratory judgment. On January 15, 1999, the Steinbachs filed a Brief in Support of their complaint. State Farm filed a Motion for Summary Judgment on February 19, 1999. Via Memorandum of Decision dated April 1, 1999, the trial court granted summary judgment in favor of State Farm and denied the Steinbachs' request for declaratory judgment. The trial court filed a Judgment Entry on May 4, 1999. It is from the April 1, 1999 Memorandum of Decision and May 4, 1999 Judgment Entry the Steinbachs appeal, raising the following assignment of error:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE DECLARATORY JUDGMENT AND ERRED IN DISMISSING APPELLANTS' COMPLAINT FOR DECLARATORY JUDGMENT. SEE, MEMORANDUM OF DECISION, FILED APRIL 1, 1999.
 I
Herein, the Steinbachs maintain the trial court erred in granting declaratory judgment in favor of State Farm and denying their request for the same. The Steinbachs support their argument as follows: Pamela and James Are Entitled To $100,000 From State Farm In Uninsured/underinsured Motorist Coverage Without "Combining" Coverage.
Pamela And James Are Entitled To Receive $100,000 From State Farm In Uninsured/Underinsured Motorists Coverage Without Such Coverage Being "Excess Coverage."
Pamela And James Are Entitled To Receive $100,000 From State Farm In Uninsured/Underinsured Motorists Coverage Without "Stacking Coverage."
State Farm Has Failed To Include Effective Anti-Stacking Language In Its Policies, Entitling Pamela And James To Coverage Up To $200,000 Each.
State Farm Must Provide Up To $100,000 In Underinsured Motorist Coverage To Pamela And James.
At The Very Least, State Farm Must Provide Underinsured Motorists Coverage To Pamela.
These assertions focus on three primary issues which must be addressed in resolving this appeal. First, we must determine whether the Steinbachs' individual claims are a "single claim" for purposes of determining the available limits of coverage. Second, we must determine whether State Farm may offset the $100,000 received by the Steinbachs from Western Reserve, the tortfeasor's insurer. Finally, we must determine whether the State Farm policies contain effective anti-stacking language. We shall address each issue in turn. R.C. 3937.18(H) expressly permits liability insurance policies to include language which limits the available coverage. That section provides: Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section or selected in accordance with division (C) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. Of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
(Emphasis added).
Pursuant to the above language, an insurer is permitted to include policy language to the effect all claims arising from the bodily injury sustained by one person shall be considered collectively as a single claim subject to a single "per person" limit. The State Farm policies in the instant appeal include the following language: The amount of coverage is shown on the declarations page under "Limits of Liability-U-Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages arising out of and due to bodily injury to one person. "Bodily injury to one person" includes all injury and damages to others arising out of and resulting from this bodily injury. Under "Each Accident" is the total amount of coverage subject to the amount shown under "Each Person", for all such damages arising out of and due to bodily injury to two more persons in the same accident.
(Emphasis in original).
This language clearly and unambiguously limits coverage for all claims arising out of and resulting from the bodily injury sustained by one person (Pamela Steinbach) to the single "each person" limit ($100,000). This Court has previously found "limits of liability" language similar to the language at issue sub judice permissible and legally enforceable. See, Plot v. Colonial Ins. Co. (1998), 126 Ohio App.3d 416; Welsh v. Sherwood (March 9, 1998), Stark App. No. 997CA00317 and 1997CA0323, unreported; and Stickney v. State Farm Mut. Auto. Ins. Co. (October 19, 1998), Richland App. No. 98C7, unreported. In accordance with these decisions, we find the language in the Steinbachs' policies is enforceable. The Steinbachs' claims for personal injury and loss of consortium constitute a single claim; therefore, the coverage available for their total damages is limited to the "each person" amount. We now turn to the issue of set-off. R.C. 3937.18(A) provides, in pertinent part:
 (2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
(Emphasis added).
Having determined supra, the Steinbachs' claims constitute a single claim and the available coverage is limited to the "each person" amount pursuant to R.C. 3937.18(H), we find State Farm properly reduced the "each person" amount by the payment the Steinbachs received from Leach. The Steinbachs received $100,000, the limits of the Leach's policy. Their policies had UIM "each person" limits of $100,000. State Farm is permitted to set off the $100,000 received by the Steinbachs from the tortfeasor against the $100,000 "each person" limit of their policies. Accordingly, the Steinbachs are not entitled to UIM coverage from State Farm. We now turn to the issue of whether the State Farm policies contain effective anti-stacking language. R.C. 3937.18(G) permits an insurer to include terms and conditions which preclude any and all stacking in a policy of insurance. The policy language applicable to the instant argument reads:
 If There Is Other Uninsured Motor Vehicle Coverage 1. Any and all stacking of uninsured motor vehicle coverage is precluded.
 2. If Other Policies Issued By Us To You, Your Spouse or Any Relative Apply
 Subject to 1 above, if two or more motor vehicle liability policies issued by us to you, your spouse or any relative providing uninsured motor vehicle coverage apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.
3. If Any Other Policies Apply
Subject to 1 and 2 above:
 a. If the insured sustains bodily injury as a pedestrian and other uninsured motor vehicle coverage applies or is injured while occupying your car, and your car is described on the declarations page of another policy providing uninsured motor vehicle coverage:
 (1) the total limits of liability under all coverages that apply shall not exceed that of the coverage with the highest limit of liability; and
 (2) we are liable only for our share. Our share is that per cent of the damages that our limit of liability determined in 1 above bears to the total sum of that limit of liability and the limits of liability of all other coverages that apply.
(Emphasis in original).
We find Section 1 contains effective, unambiguous anti-stacking language. However, the Steinbachs refer this Court to Section 3 as the applicable provision. The Steinbachs maintain stacking is permissible because Pamela Steinbach was injured as a pedestrian and James Steinbach's car is not described on the declarations page of another policy. Essentially, the Steinbachs read this provision to require both of these conditions before the anti-stacking language is effective. We disagree with such a reading. We read Section 3 to prohibit stacking if the insured is either (1) a pedestrian and other uninsured motor vehicle coverage applies or (2) injured while occupying "your car" and, "your car" is described on the declarations page of another policy. The injured as a "pedestrian and other uninsured motorist coverage applies or is injured while occupying your car, and your car is described" language is written in the disjunctive. (Underline emphasis added) (Italicized emphasis in original). As such, the fact Pamela Steinbach was injured as a pedestrian alone is sufficient to trigger this anti-stacking provision. Furthermore, we also find Section 2 to be applicable. Herein, State Farm issued two motor vehicle liability policies, one to James Steinbach, individually, and one to Pamela Steinbach, individually. It is undisputed the uninsured motorist vehicle coverage through those policies was available for damages resulting from the March 27, 1997 accident. Pursuant to Section 2, the total limits of liability available under the two policies may not exceed the liability limits of the policy with the highest limit. According to this language, the total limits of liability for the March 27, 1997 accident shall not exceed $100,000, which represents the highest limit of liability under the Steinbachs' two State Farm policies. Based upon the foregoing, we find the Steinbachs are not entitled to UIM coverage from State Farm pursuant to the anti-stacking provision. Having determined the Steinbachs were only entitled to recover $100,000 in total from State Farm under the two policies and that State Farm properly setoff the $100,000 received by the Steinbachs from the tortfeasor against the $100,000 available under the Steinbachs' UIM coverage, we find the trial court properly granted summary judgment in favor of State Farm and appropriately denied the Steinbachs' request for declaratory judgment.
The judgment entry of the Licking County Court of Common Pleas is affirmed.
FARMER, J. and WISE, J. CONCUR.