DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Huron County Court of Common Pleas. It involves a summary judgment awarded to a tortfeasor's insurer and the insurers of the wife and children of a man killed in an auto accident. Because we conclude the tortfeasor's policy properly limited liability coverage to single limits and the appellees' insurance policies properly limited uninsured motorist coverage to the tortfeasor's liability limits, we affirm.
Appellants are the widow and children of the late Ronald L. Green, who died following a 1998 collision with a motor vehicle operated by David B. Barbour. Barbour's negligence is not contested.
On July 23, 1998, appellant Bonnie K. Green, as administrator of her late husband's estate and on her own behalf, joined by the couple's four children, appellants, Ronald Green, Jr., Gina Caldwell, Christopher Green, and Eric Green, instituted the lawsuit which underlies this appeal. The suit combined a wrongful death claim against Barbour and eventually his insurer, appellee Allstate Insurance Co. ("Allstate") and underinsurance coverage claims against appellants' own insurers: appellee Grange Mutual Casualty ("Grange") which issued policies for the elder Greens and Ronald Green, Jr.; Christopher Green's insurer, appellee Cincinnati Insurance Co. ("Cincinnati") and appellee Colonial Insurance ("Colonial") which insured Gina Caldwell.[1]
David Barbour's Allstate policy contained liability coverage limits of $100,000 per claim/$300,000 per accident ("100/300"). The underinsured motorists' coverage ("UIM") limits on the elder Greens' Grange policy was the same, as was Christopher Green's Cincinnati coverage. Ronald Green, Jr.'s Grange UIM limits were $50,000 per claim/$100,000 per accident. Gina Caldwell's Colonial UIM policy limits were $12,500 per claim/$25,000 per accident.
Allstate paid its $100,000 per person coverage, but denied appellants' further claims, arguing that its policy language limited its exposure to the single coverage amount for damages pendant to a single bodily injury. The trial court, concluding that R.C. 3937.44 permitted such a provision, granted Allstate's motion for summary judgment premised on its policy language.
With respect to appellants' claims against their own insurers, the trial court concluded that each of the policies at issue restricted UIM coverage to the greater of the tortfeasor's liability coverage or the amount of UIM coverage in the claimant's policy. The trial court concluded that such a provision was proper pursuant to R.C. 3937.18(A)(2) and Moccabee v. Progressive Ins. Co. (Oct. 9, 1998), Lucas App. No. L-98-1069, unreported. Since Barbour's Allstate liability coverage was 100/300, the same as, or greater than, each of appellants' coverages, the court concluded that no UIM coverage arose and granted summary judgment to appellees Grange, Colonial and Cincinnati.
From these judgments, appellants now bring this appeal, setting forth the following two assignments of error:
 "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO DEFENDANT, ALLSTATE INSURANCE COMPANY, CONCERNING THE ISSUE OF THE TORTFEASOR'S LIABILITY COVERAGE.
 "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT TO DEFENDANTS, CINCINNATI, GRANGE MUTUAL CASUALTY and COLONIAL (NATIONWIDE) INSURANCE COMPANIES, CONCERNING THE ISSUE OF UNDERINSURED COVERAGE."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 "* * *(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
The facts of this matter are undisputed. The issues on review are solely questions of law.
 I.
In their first assignment of error, appellants maintain that the trial court erred in concluding that a provision in appellee Allstate's policy limited coverage derived from a single bodily injury to the $100,000 single injury liability limit of the policy.
R.C. 3937.44 provides that,
 "[a]ny liability policy of insurance including, but not limited to, automobile liability or motor vehicle liability insurance that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."
The statute was introduced to the law as part of the General Assembly's 1994 insurance bill, Am.Sub.S.B. No. 20. The statute is both constitutional and lawful. Plott v. Colonial Ins. Co. (1998),126 Ohio App.3d 416, 420-421. Cf. Moore v. State Auto Mut. Ins. Co.
(2000), 88 Ohio St.3d 27, with respect to uninsured motorists coverage. Therefore, appellants' citation to contra authority prior to S.B. 20 is unavailing. Consequently, the question before us is whether Allstate's policy language unambiguously limits derivative coverage. See USFG v.Lighting Rod Ins. Co. (1997), 80 Ohio St.3d 584, 586; King v. NationwideIns. Co. (1988), 35 Ohio St.3d 208, syllabus.
The Allstate Insurance policy issued to Bonnie and Ronald Green contained the following provision under the caption "Limits Of Liability."
 "The limits shown on the Policy Declarations are the maximum we will pay for any single accident involving an insured auto. The limit stated for each person for bodily injury is our total limit of liability for all damages because of bodily injury sustained by one person, including all damages sustained by anyone else as a result of the bodily injury. Subject to the limit for each person, the limit stated for each accident is our total limit of liability for all damages for bodily injury. * * *"
 "Bodily Injury," as defined by the policy means, "* * * physical harm to the body, sickness, disease or death * * *."
Appellants argue that, because Allstate uses both the phrase "for bodily injury" and "because of bodily injury" in its limitations clause, the policy is ambiguous. Claims "for bodily injury" ordinarily do not include wrongful death, loss of consortium or other derivative claims.Cincinnati Ins. Co. v. Phillips (1990), 52 Ohio St.3d 162, 166 (Brown, J., concurring.) Claims "because of bodily injury" may include such claims. Ferguson v. Nationwide Prop. Cas. Co. (July 16, 1996), Franklin App. No. 96APE01-82, unreported. By using both terms in its limitations clause, appellants insist, Allstate's policy is ambiguous and should be construed in their favor.
The trial court rejected this argument, as do we. Reading the limitations clause as a whole and in pari materia with the policy definitions of "bodily injury," which encompasses death, we can only conclude that the clear unambiguous intent of the clause is to limit liability coverage to a single per person maximum, including any derivative claims. Accordingly, appellants' first assignment of error is not well-taken.
 II.
In their second assignment of error, appellants contend that the trial court erred in granting summary judgment to appellees Colonial, Cincinnati and Grange on the authority of our decision in Moccabee v.Progressive, supra. In Moccabee, we held that R.C. 3937.18(A(2) requires an insurer to provide UIM coverage, "* * * only if the tortfeasor's liability coverage is less than the victim's underinsured motorist coverage." Moreover, the statute, as amended by S.B. 20, permits an insurer to set off UIM coverage against the limits of the tortfeasor's coverage rather than the amount actually received from the tortfeasor's liability coverage. Id.; Littrell v. Wigglesworth (Mar. 13, 2000), Butler App. No. CA99-05-092, CA99-08-141, unreported, at 10.
The policies issued by each of the appellees in this matter contain provisions to set off their UIM coverage against a tortfeasor's liability limits. Since David Barbour's liability coverage is equal to, or greater than, the UIM coverage under any of appellants' UIM policies, Barbour is not an underinsured motorist pursuant to the language. Accordingly, appellants' second assignment of error is not well-taken.
Having followed the Moccabee case, we also note that the Littrell
case, which contains an identical holding with respect to setoff, has been certified in conflict with the decision of Judge Brogan in Estate ofFox v. Auto Owners Ins. (Jan. 12, 1998), Montgomery App. No. 1456, unreported. This conflict has been accepted by and a resolution of the conflict is now pending before the Supreme Court of Ohio.
Consequently, we sua sponte take notice of the conflict between this case and Fox and do, hereby, certify this conflict to the Supreme Court of Ohio on the question of whether R.C. 3937.18, as amended by Am.Sub.S.B. 20, permits an insurer to set off UIM coverage against a tortfeasor's liability limits rather than the actual amount available to the victim.
On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellants.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., Mark L. Pietrykowski,P.J., CONCUR.
[1] Also named in the original complaint was Eric Green's insurer, Metropolitan Life, but this claim was settled. Metropolitan is not a part of this appeal.