OPINION
Plaintiffs-appellants Deborah S. Sammons, et al. appeal from the June 27, 2001, Judgment Entry of the Coshocton County Court of Common Pleas which granted defendant-appellee American Family Insurance Company's Motion for Summary Judgment.
 STATEMENT OF THE FACTS AND CASE
On October 14, 1997, defendant-appellee Joseph C. Barrett [hereinafter tortfeasor] failed to yield at a stop sign causing a collision with a motor vehicle operated by plaintiff-appellant [hereinafter appellant] Deborah S. Sammons. Deborah Sammons suffered personal injuries as a result of the accident.
The tortfeasor carried automobile liability insurance through Permanent General Insurance Company with liability limits of $12,500.00. Appellant Deborah Sammons recovered the liability limit of $12,500.00 under the tortfeasor's liability policy.
At the time of the accident, appellant Deborah Sammons was insured under an automobile insurance policy issued by defendant-appellee American Family Insurance Company. That insurance policy included uninsured/underinsured motorists benefits in the amount of $12,500.00 per person and $25,000.00 per accident.
On October 8, 1999, plaintiff-appellants, Deborah Sammons and her two minor children, Chastity Sammons and Dustin Sammons, [hereinafter appellants] filed a complaint against multiple defendants, including American Family Insurance Company. On March 7, 2000, defendant-appellee [hereinafter appellee] American Family Insurance filed a Motion for Summary Judgment. Appellants filed a response to American Family Insurance's motion and a Cross Motion for Summary Judgment on March 20, 2000. On June 8, 2001, the trial court filed a judgment entry which granted summary judgment to appellee American Family Insurance.
On June 27, 2001, the trial court entered a Nunc Pro Tunc Judgment Entry, correcting errors in the June 8, 2001, judgment entry. The Judgment Entry found that there was no just reason for delay and entered final judgment as to American Family Insurance.
It is from the June 27, 2001, Judgment Entry that appellants appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT OHIO LAW ALLOWS INSURERS TO LIMIT UNDERINSURED MOTORIST COVERAGE TO THE SINGLE PER PERSON LIMIT WHEN ONLY ONE PERSON HAS SUFFERED A BODILY INJURY.
In their sole assignment of error, appellants argue that each member of Deborah Sammons' family is entitled to assert their own claim for loss of consortium which is individually subject to the per person limit of the underinsured coverage. Appellants argue that the set-off provision of R.C. 3937.18(A)(2) provides for set-off of the amount actually received by each claimant and not of the per person limit of the tortfeasor's liability insurance. Lastly, appellants argue that multiple claimants may render a tortfeasor underinsured. Appellee American Family Insurance contends that the appellants' claims are limited subject to the "per person" limit of appellant Deborah Sammons' insurance policy. Since appellant Deborah Sammons received $12,500.00 from the tortfeasors's insurance, and Deborah Sammons' own automobile insurance policy, under which appellants seek coverage, limits the claim to a total of $12,500.00, the per-person benefit, American Family Insurance Company argues that appellants are not entitled to benefits under the American Family Insurance policy.
Only Deborah Sammons suffered bodily injury. The issue of whether an insurance policy may limit underinsured motorist coverage to the single per person limit when only one person has suffered bodily injury has been addressed by this court previously. In Kleinsmith v. Allstate InsuranceCo. (Dec. 22, 2000), Richland App. 00CA14-2, unreported, 2000 WL 1901452, affirmed by 92 Ohio St.3d 218, this court found that R.C.3937.18(H) expressly permits liability insurance policies to include language which limits the available coverage to the per person limit.[1]
Pursuant to R.C. 3937.18(H) "[a]n insurer is permitted to include policy language providing that all claims arising from the bodily injury sustained by one person shall be considered collectively as a single claim subject to a single "per person" limit." Id.
Appellants cite this court to Schaefer v. Allstate Ins. Co. (1996),76 Ohio St.3d 553 and Savoie v. Grange Mutual Ins. Co. (1993),67 Ohio St.3d 500, for the proposition that each family member's claim should be subject to a separate "per person" limit. However, S.B. 20 (effective October 20, 1994) legislatively overruled Savoie's prohibition against insurers consolidating claims arising out of a single bodily injury to the single per-person limit. See R.C. 3937.18(H); Stephensonv. Grange Mutual Casualty Co. (Nov. 4, 1999), Franklin App. No. 98AP-1596, unreported, 1999 WL 996958; Beagle v. Walden (1997),78 Ohio St.3d 59. By implication, Schaefer, as an extension of Savoie, was also overruled by S.B. 20. See Plott v. Colonial Insurance (1998),126 Ohio App.3d 416; See Stephenson, supra; Francis v. McClandish (Apr. 19, 1999), Athens App. No. 98CA21, unreported, 1999 WL 266680.
The automobile insurance policy issued by appellee American Family Insurance Company to appellant Deborah Sammons states the following, in relevant part:
 The limits of liability of this coverage as shown in the declarations apply, subject to the following:
 1. The limit for each person is the maximum for all damages sustained by all persons as the result of bodily injury to one person in any one accident.
 2. Subject to the limit for each person, the limit for each accident is the maximum for bodily injury sustained by two or more persons in any one accident."
The policy further stated that:
 The limits of liability of this coverage will be reduced by:
 1. A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an underinsured motor vehicle."
Appellants do not argue that the language of the automobile insurance policy issued by appellee American Family Insurance Company to appellant Deborah Sammons does not clearly and unambiguously limit coverage for all claims arising out of and resulting from the bodily injury sustained by one person to the single "per person" limit. Appellants present only the legal argument that such limitations are contrary to law. Since there is no disagreement expressed whether the language of the automobile insurance policy issued by appellee American Family Insurance Company to appellant Deborah Sammons clearly and unambiguously limits coverage for all claims arising out of and resulting from the bodily injury sustained by one person (Deborah Sammons) to the single "each person" limit, appellants are limited to the per person limit of $12,500.00. In the casesub judice, appellant Deborah Sammons received $12,500.00 from the tortfeasor's insurance company, the limits of the tortfeasor's insurance policy. Appellant Deborah Sammon's own insurance policy had uninsured/underinsured motorist limits of $12,500.00 per person. Under the express language of the policy, appellants are not entitled to uninsured/underinsured motorists benefits since they have already received $12,500.00 for appellant Deborah Sammons' injury from the tortfeasor's insurance company. See Kleinsmith, supra.
However, appellants argue that the amount of set-off should be the amount actually received by each claimant rather than the per person limit of the tortfeasor's insurance. Revised Code 3937.18(A)(2) provided the following:[2]
 Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insured thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insureds' uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insureds uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
Appellants argue that pursuant to Clark v. Scarpelli (2001),91 Ohio St.3d 271, and Littrell v. Wigglesworth (2001), 91 Ohio St.3d 425, the proper setoff in a case involving multiple claimants is the actual amount received by each claimant. Appellants contend that each of their claims should be subject to a separate "per person" limit. We disagree.
A careful review of Clark and Littrell reveals that the cases actually support the trial court's decision to grant summary judgment. Clark
confirms that automobile insurers may include provisions in their insurance policies that consolidate all claims arising out of any one person's bodily injury into a single claim and thereby limit damages to a single per-person limit. Clark, 91 Ohio St.3d at 282. In Clark, only one person suffered injuries. Clark's insurance policy included language that limited claims to a per-person limit of $100,000.00. The Clark
court concluded that any claim arising from Clark's injury (death) would be included in the single per-person policy limit. Thus, the Clark Court limited the multiple wrongful death claims to an aggregate, single per-person policy limit of $100,000.00.
As noted previously, appellant Deborah Sammon's insurance policy included language that limited damages to a single per-person limit if only one person was injured in the accident. This outcome is consistent with Littrell which held that a beneficiary cannot receive more or less than they would have received if the tortfeasor had been uninsured.Littrell, 91 Ohio St.3d at 433. In this case, if the tortfeasor had been uninsured, appellants' claims would have been limited by their own insurance policy language to the single, per-person limit of $12,500.00.
Therefore, appellants are not underinsured since the $12,500.00 limit of liability contained in the tortfeasor's insurance policy is equal to the $12,500.00 in underinsured motorist coverage contained in the American Family Insurance policy issued to appellant Deborah Sammons. Appellee American Family Insurance Company is permitted to setoff the $12,500.00 received by appellant Deborah Sammons from the tortfeasor against the $12,500.00 "each person" limit in the insurance policy. Appellants, therefore, were not entitled to underinsured motorists coverage from appellee American Family Insurance Company.
Accordingly, for the foregoing reasons, appellants' sole assignment of error is overruled.
The judgment of the Coshocton County Court of Common Pleas is affirmed.
By EDWARDS, J. GWIN, P.J. and FARMER, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs to appellants.
[1] Revised Code 3937.18(H) states the following:
 Any policy of insurance delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state that insures against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle, may, but is not required to, include uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages." R.C. 3937.18(A), in part.
[2] While not applicable to this case, R.C. 3937.18 was recently amended, effective 10-31-01.