OPINION
{¶ 1} Appellants, Terrance J. Kulka ("Kulka"), individually and as the administrator of his wife Linda Kulka's estate, as well as their three children, have appealed from the Portage County Common Pleas Court's entry of summary judgment in favor of appellee, Progressive Insurance Company ("Progressive").
 {¶ 2} This case stems from a motor vehicle accident that claimed the life of Linda Kulka, Kulka's wife. The accident occurred on March 2, 1999, in Hiram Township, Ohio, and was the result of the negligence of Anthony M. DeFabio ("DeFabio"). At the time of the accident, DeFabio carried a Progressive automobile liability insurance policy with limits of $100,000 per person and $300,000 per occurrence. Thereafter, Progressive paid appellants $100,000 in settlement of the per person limit, with appellants reserving the right to seek the per accident limit.
 {¶ 3} On September 19, 2000, appellants filed a complaint in the Portage County Common Pleas Court, seeking declaratory relief as to the $300,000 per accident limit. The parties submitted cross-motions for summary judgment. On October 25, 2001, the trial court denied appellants' motion and, in turn, entered summary judgment in favor of Progressive. Appellants filed this timely appeal, citing four assignments of error.
 {¶ 4} When reviewing a summary judgment case, the reviewing court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law.[1]
When the facts are undisputed, as is the case here, the reviewing court must determine de novo whether the trial court's judgment was appropriate as a matter of law.[2]
 {¶ 5} Appellants' first assignment of error is:
 {¶ 6} "The trial court erred to the prejudice of the plaintiff-appellant in finding that Am.Sub. S.B. No. 20 and R.C. 3937.44
are lawful and constitutional enactments of the General Assembly."
 {¶ 7} Appellants argue in their first assignment of error that R.C. 3937.44 violates the doctrine of separation of powers, the Equal Protection and Due Process Clauses of the Ohio and United States Constitutions, as well as Section 19a, Article I of the Ohio Constitution.
 {¶ 8} "`Statutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision.'"[3]
In order to prevail in their summary judgment motion, appellants had the burden of showing beyond a reasonable doubt that S.B. 20 and, specifically, R.C. 3937.44 are unconstitutional.
 {¶ 9} The issue of whether S.B. 20 and, specifically, R.C. 3937.44
violate the Ohio and United States Constitutions has previously been addressed by this court as well as other appellate districts.[4] Ohio appellate districts have consistently upheld the constitutionality of S.B. 20. To date, the Supreme Court of Ohio has not directly addressed a constitutional challenge to S.B. 20 and R.C. 3937.44.[5] However, inBeagle v. Walden, the court did find that R.C. 3937.18(A)(2), enacted as part of S.B. 20, was constitutional.[6]
 {¶ 10} Thus, based on the foregoing, and in conformity with our decision in Gild, supra, and the decisions of other appellate districts, we find that S.B. 20 is constitutional.
 {¶ 11} Appellants' first assignment of error is without merit.
 {¶ 12} Appellants' second assignment of error is:
 {¶ 13} "The trial court erred to the prejudice of the plaintiff-appellant in finding the insurance policy of Progressive is not ambiguous."
 {¶ 14} In their second assignment of error, appellants argue that the Progressive insurance policy at issue is ambiguous and must be construed strictly against the insurer, meaning appellants are entitled to recovery based on the "each accident" coverage.
 {¶ 15} When construing the terms of an insurance contract, courts must give the words their plain and ordinary meaning.[7] When the contract is ambiguous and susceptible to more than one meaning, it must be construed in favor of the insured.[8]
 {¶ 16} Appellants cite to the following portion of the Progressive policy:
 {¶ 17} "The Limit of Liability shown on the Declarations Page is the most we will pay regardless of the number of: 1. claims made; 2. covered vehicles; 3. insured persons; 4. lawsuits brought; 5. vehicles involved in an accident; or 6. premiums paid.
 {¶ 18} "If the Declarations Page shows that `combined single limits' or `CSL' apply, the amount shown is the most we will pay for the total of all damages resulting from one (1) accident. We will apply the `each person' Limit of Liability for bodily injury as required by the law of the state listed on your application as your residence. However, this provision does not change our total `each accident' Limit of Liability.
 {¶ 19} "If your Declarations Page shows a split limit:
 {¶ 20} "1. the amount shown for `each person' is the most we will pay for all damages due to a bodily injury to one (1) person;
 {¶ 21} "2. subject to the `each person' limit, the amount shown for `each accident' is the most we will pay for all damage due to bodily injury sustained by two (2) or more persons in any one (1) accident; and
 {¶ 22} "3. the amount shown for `property damage' is the most we will pay for the total of all property damage for which an insured person becomes liable as a result of any one (1) accident.
 {¶ 23} "The bodily injury limit for `each person' includes the total of all claims made for such bodily injury and all claims derived from such bodily injury, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death."
 {¶ 24} The declarations page lists the bodily injury liability as $100,000 each person — $300,000 each accident. Appellants argue that the foregoing language is "replete with ambiguities." Specifically, appellants argue that the "Limit of Liability" shown on the declarations page does not indicate if the applicable limit is the "each person" limit or the "each accident" limit. We disagree.
 {¶ 25} The bodily injury limits of liability are properly delineated on the declarations page. The policy goes further in defining the "split limit" and enumerates what claims are covered under the "each person" bodily injury limit.
 {¶ 26} Appellants also contend that the policy is ambiguous in that it does not properly define the terms "combined single limit" and "split limit" and, thus, it is not clear which limit applies. We also find this contention to lack merit. The policy states that if the "combined single limit" applies, it will indicate such on the declarations page. The declarations page does not refer to a "combined single limit" at all. It contains only a "split limit" of liability of $100,000 for each person and $300,000 for each accident.
 {¶ 27} We find that the policy language is unambiguous and enforceable. Therefore, appellants' second assignment of error is without merit.
 {¶ 28} Appellants' third assignment of error is:
 {¶ 29} "The trial court erred to the prejudice of plaintiff-appellant in finding that R.C. 3937.44 does not violate R.C. 1.47."
 {¶ 30} In their third assignment of error, appellants argue that R.C. 3937.44 violates R.C. 1.47, which requires compliance with the state and federal constitutions, and that a just and reasonable result is intended.
 {¶ 31} R.C. 3937.44 reads:
 {¶ 32} "Any liability policy of insurance including, but not limited to, automobile liability or motor vehicle liability insurance that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."
 {¶ 33} R.C. 1.47 states:
 {¶ 34} "In enacting a statute, it is presumed that:
 {¶ 35} "(A) Compliance with the constitutions of the state and of the United States is intended;
 {¶ 36} "(B) The entire statute is intended to be effective;
 {¶ 37} "(C) A just and reasonable result is intended;
 {¶ 38} "(D) A result feasible of execution is intended."
 {¶ 39} Thus, pursuant to R.C. 1.47, it is presumed that the General Assembly intended compliance with the state and federal constitutions and that a just and reasonable result was intended. In order to prevail, appellants must rebut that presumption.
 {¶ 40} Appellants contend that, in enacting R.C. 3937.44, loss of consortium claims were no longer a separate, distinct claim and, as such, beneficiaries lost their rights under R.C. 2125.02. We disagree.
 {¶ 41} Ohio courts have held that R.C. 3937.44 does not limit damages available for loss of consortium or wrongful death but only limits the amount of coverage recoverable from an insurance contract.[9]
Beneficiaries may still pursue relief from the tortfeasor.[10]
 {¶ 42} Thus, appellants have failed to adequately rebut the presumption that R.C. 3937.44 does not intend a just and reasonable result and is in compliance with the state and federal constitution, pursuant to R.C. 1.47.
 {¶ 43} Appellants' third assignment of error is without merit.
 {¶ 44} Appellants' fourth assignment of error is:
 {¶ 45} "The trial court erred to the prejudice of the plaintiff-appellant in finding that R.C. 3937.44 was not limited by the Ohio Supreme Court in Moore."
 {¶ 46} In their final assignment of error, appellants assert that the Supreme Court of Ohio held in Moore v. State Auto Ins. Co. that R.C.3937.18(A)(1) does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury. Appellants argue that, therefore, R.C. 3937.44 should not permit an insurer to limit coverage in such a way that a person must suffer bodily injury.
 {¶ 47} In Moore, the Supreme Court of Ohio held that R.C.3937.18(A)(1), the uninsured motorist statute, was ambiguous in that it did not clearly state whether coverage was available only to those who suffer bodily injury.[11] Therefore, the court concluded that a mother could make a claim under her own policy for the damages she suffered as a result of her son's death.
 {¶ 48} R.C. 3937.44 differs from the uninsured motorist statute in that it relates to liability insurance. Unlike Moore, there is no dispute here over who can recover under the policy, but, rather, the dispute relates to how much appellants can recover under the policy. Where the applicable policy states, in unambiguous language, what the recovery limits are and those limits are found to be constitutional, this court cannot circumvent the language of the policy to allow for greater recovery. Thus, the holding in Moore has no bearing on appellants' claim in this case.
 {¶ 49} Appellants' fourth assignment of error is without merit.
 {¶ 50} The judgment of the trial court is affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.
[1] G M Tanglewood, Inc. v. Tanglewood Partners, 11th Dist. No. 2001-G-2377, 2002-Ohio-7126, at ¶ 15.
[2] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[3] Beagle v. Walden (1997), 78 Ohio St.3d 59, 61, quoting Fabrey v.McDonald Police Dept. (1994), 70 Ohio St.3d 351, 352.
[4] See Hillyer v. Great Am. Ins. Co. (Sept. 26, 1997), 11th Dist. No. 96-L-148, 1997 Ohio App. LEXIS 4360; Gild v. Saley (Nov. 19, 1999), 11th Dist. No. 98-P-0056, 1999 Ohio App. LEXIS 5510; Berry v. Przyborowski
(Nov. 19, 1999), 2d Dist. No. 99-CA-21, 1999 Ohio App. LEXIS 5484; Rulongv. Allstate Ins. Co. (Feb. 25, 2000), 7th Dist. No. 97 JE 61, 2000 Ohio App. LEXIS 793; Washington v. Citizens Security Mut. Ins. Co. (Sept. 21, 2000), 8th Dist. No. 76082, 2000 Ohio App. LEXIS 4280.
[5] Schaffer v. State Farm Auto. Ins. Co. (2001), 92 Ohio St.3d 1410, the court declined to answer certified questions on whether Senate Bill 20 is unconstitutional on any grounds.
[6] Beagle, at 60.
[7] Fleming v. Wallace, 2002-Ohio-6003, ¶ 17.
[8] Foster Wheeler Enviresponse, Inc. v. Franklin Cty. ConventionFacilities Auth. (1997), 78 Ohio St.3d 353.
[9] See Gild, at *5; Nitchman v. Nationwide Mut. Fire Ins. Co. (Jan. 17, 2001), 9th Dist. No. 99CA007506, 2001 Ohio App. LEXIS 105, at *5;Smith v. Mancino (1997), 119 Ohio App.3d 418, 422-423.
[10] Smith, 119 Ohio App.3d at 423.
[11] Moore v. State Auto Mut. Ins. Co. (2000), 88 Ohio St.3d 27.